JAMES CONDON

*v.*

JOSEPH N. BESSE.

1. JUDGMENT BY CONFESSION — *power and duty of court to open.* Where judgment is entered by confession in vacation upon a promissory note, under a power attached, and the defendant, at the next term of court, enters a motion to set aside the judgment and be allowed to defend, on the ground that the execution of the note and power was procured by fraud, and the affidavits in support and against the motion are irreconcilably conflicting, so as to leave the matter in doubt, the court should enter a conditional order allowing pleas to be filed and issues to be formed, so that the witnesses could be examined, leaving the judgment to stand to await the finding on the issues formed.

2. SAME — *equitable powers of courts of law.* Courts of law may exercise equitable jurisdiction over judgments entered by confession under warrant of attorney, and, when it clearly appears that the plaintiff was not entitled to the judgment, may set the same aside; but, when it is involved in doubt an issue should be formed to try the defense, leaving the judgment to stand as a security.

APPEAL from the Circuit Court of La Salle County; the Hon. E. S. LELAND, Judge, presiding.

Mr. M. T. MALONY, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee filed in the office of the clerk of the circuit court of La Salle county, a note, and power of attorney to confess judgment, and in vacation, on January 7, 1876, had a judgment by confession entered against appellant. At the January term of the court, which convened a few days after, appellant entered a motion to set aside the judgment, and filed the affidavits of himself and three other persons in support of the motion. He, Latch, and Mary Condon all swear that he is illiterate and unable to read and write, and that appellee represented the note to be for $100, when it is in fact for $185, and it was not explained to him that there was attached to it a power of attorney to confess judgment. They also state that appellee represented the note as not being payable for two years, with annual interest, when it was drawn at one year.

Wolf, in his affidavit, states he was present when $10 was paid on the note for interest, which was about a year after its date, and that sum is credited on the note. Appellee, and Carney, the subscribing witness, both swear that the papers were read to appellant before their execution. Thus it will be seen that the evidence is irreconcilably conflicting; and to ascertain the truth of the matter with any degree of satisfaction, the witnesses should be placed on the stand and subjected to a cross-examination.

In a case of this character, where it is not entirely clear that the note and power of attorney were procured by fraud, and that question is left in doubt, the court, under its equitable powers, in controlling its judgments and process, and in furthering justice, should have entered a conditional order setting the judgment entered in vacation aside, and allowing appellant to defend by interposing pleas, thus forming an issue to be tried by a jury. If such a practice was not allowed, the entry of judgments by confession would subject defendants, in numerous cases, to great wrong.

Where the greater part of the debt is paid, where the note and power of attorney are obtained by fraud, or where any meritorious defense exists, if such means of correcting wrongs did not exist, the defendant would be at the mercy of the plaintiff, unless relief was sought in equity at much expense and delay.

As early as the case of *Lake* v. *Cook*, 15 Ill. 353, it was held that courts of law would exercise equitable jurisdiction over judgments entered by confession under warrants of attorney. And it was held that where it clearly appears that plaintiff was not entitled to judgment it would be set aside, but where it is involved in doubt an issue should be formed to try the defense; but, for the security of plaintiff, the court might permit the judgment to stand until the case should be tried. That case has been followed by others announcing the same practice, and they must be held to govern the case at bar.

The court erred in not permitting an issue to be formed and tried, and the judgment on the motion is reversed and the cause remanded.

*Judgment reversed.*