Keist v. Kingman & Co.

*Reversed and remanded with directions.*

## Thomas J. Keist

### v.

## Kingman & Company.

*Sales—Breach of Warranty—Notice—Waiver—Judgment.*

1.   Where notes with power of attorney to confess judgment, given in payment of a machine warranted to do good work, are put in judgment before breach of the warranty, which afterward occurs, the judgment should be set aside on motion supported by affidavits, and the purchaser be allowed to plead.

2.   If the seller responds to verbal notice of breach of warranty, he thereby waives a provision in the warranty that the notice must be in writing, and must be also given his agent.

[Opinion filed May 28, 1890.]

In error to the Circuit Court of Peoria County; the Hon. S. S. Page, Judge, presiding.

Messrs. Thomas F. Tipton and Dan. F. Raum, for plaintiff in error.

The rule is well settled that when judgment is taken by confession, on motion of the defendant, supported by affidavits

disclosing a meritorious defense, the court should give the defendant an opportunity to defend the same. Martin v. Stubbings, 20 Ill. App. 381.

Courts of law exercise equitable jurisdiction over judgments entered by confession upon bonds and warrants of attorney, and where it clearly appears that the plaintiff was not entitled to judgment, the court will vacate the judgment; but if the case is doubtful an issue will be directed, and the defendant will be let in to plead and defend on the merits, and proceedings will be stayed and the judgment allowed to stand as security, and such judgment may be vacated or issue made at a subsequent term. Lake v. Cook, 15 Ill. 343; Burwell v. Orr, 84 Ill. 465; Gordon v. Goodell, 34 Ill. 429; Norton v. Allen, 69 Ill. 306; Wyman v. Yeomans, 84 Ill. 403; Condon v. Besse, 86 Ill. 159; Walker v. Ensign, 1 Ill. App. 113; Henney v. Alcock, 9 Ill. App. 431; Campbell v. Goddard, 17 Ill. App. 382; Hall v. Jones, 32 Ill. 38.

The rule may be further stated to be that on filing an affidavit which, if proved, will bar the action, the judgment should be opened up. Pitts v. Magie, 24 Ill. 610. That is, when an application is made by a defendant to open up a judgment by confession and the affidavits show that his defense, if substantiated, would be a good one, and that a question is presented which should be submitted to a jury, the court should set the judgment aside and permit the defense to be made, and the facts may be presented by affidavits and exhibits to be filed; and if the affidavits and exhibits filed in support and resistance of the motion are admissible in case of motion to vacate and set aside a judgment by confession as well upon motion to open the judgment to admit a defense on the merits. Joliet E. L. & P. Co. v. Ingalls, 23 Ill. App. 48; Lake v. Cook, 15 Ill. 353; Condon v. Besse, 86 Ill. 159.

The question is not whether the appellant can defeat a recovery entirely or materially lessen the judgment; if so, it would amount to a final trial. But if he shows by affidavits a state of facts that, if true, ought to be submitted to a jury, it is sufficient; nor is it a question whether the judgment should be vacated for error of law, but whether it appears to

Keist v. Kingman & Co.

the court in the exercise of its equitable jurisdiction there is any equitable reason shown for opening up the judgment and allowing the party to defend the case on its merits. Knox v. Winsted Savings Bank, 57 Ill. 330; Campbell v. Goddard, 17 Ill. App. 382; Rising v. Brainard, 36 Ill. 80.

Messrs. Stevens & Horton, for defendant in error.

Lacey, J. This is a writ of error sued out of this court to reverse a judgment against plaintiff in error on denying a motion to set aside a judgment for the sum of $708.24 in favor of defendant in error against him, under a power of attorney attached to two notes given by the latter to the former. The notes were given by plaintiff in error, in consideration of the sale to plaintiff in error, by defendant in error, of a certain threshing machine and separator purchased of defendant in error of its agent at Monticello, Piatt County, Illinois, under a certain contract which will be considered hereafter. The grounds urged for setting aside the judgment and allowing the plaintiff to make defense, were that the machine and separator did not fill the warranty, in that the machine, separator and stacker did not do good work, that it was defective and did not save the grain, and that plaintiff in error returned the machine to Kastil, defendant in error's agent at Monticello, and that the consideration of the notes had failed, and the taking judgment on them was an act of bad faith on the part of the defendant in error. The motion was supported by several affidavits showing the contract, failure and return. The order to defendant in error to ship the machine to plaintiff in error, was given to defendant in error on or about the 20th of June, 1888, or as soon thereafter as it could obtain transportation, to the care of Thomas Kastil, Monticello, which order was as follows: one 33-inch cylinder, 46-inch Cyclone separator, with trucks and regular stacker, etc., etc., for which the plaintiff in error agreed to receive the above, subject to the condition named below, etc. * * * Condition of said contract was that it was fully understood and agreed that it was subject to the acceptance of Kingman &

Co., and that no promise, whether of agent, employe or attorney or other manufacturers made unless considered and ratified by him or the branch office. Title to machinery not to pass until settlement is concluded and accepted by Kingman & Co. Changes may be made by consent, etc. The following is the contract of warranty:

"The above articles are warranted to be of good material, well made, and with proper management, capable of doing as good work as similar articles of other manufacturers. If said machinery, or any part thereof, shall fail to fill the warranty, within ten days of first use, written notice shall be given to Kingman & Co., Peoria, Illinois, and to the party through whom the machinery was purchased, stating wherein it fails to fill the warranty, and time, opportunity and friendly assistance given to reach the machine and remedy any defects. If the defective machinery can not then be made to fill the warranty it may be returned by the undersigned to the place where received and another furnished on the same terms of warranty, or money and notes to the amount represented by the defective machine shall be returned and no further claim be made on Kingman & Co. Continued possession or use of the machine after the expiration of time named above shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the undersigned, who agree thereafter to make no further claim on Kingman & Co. under warranty. In case any casting fail through defect in its material during the first season, such defective piece shall be replaced without charge, except freight or express charge; but on any claim for replacement of defective castings, the defective pieces shall be presented to Kingman & Co., or to the dealer through whom the machine was ordered, and shall clearly show the defects. * * * The warranty to extend ten days in oats harvest," etc.

We think a fair consideration of the affidavits submitted show that the machine entirely failed to be as good as warranted, and that notice was given to defendant in error of the fact within ten days after the first use of the machine, and also within ten days after its first use in the threshing of oats,

which was the first day of August, 1888, and that time, opportunity and friendly assistance were given the defendant in error to remedy the defects.   The defendant in error acted on the notice and sent one Harshberger to make the machine work, but he failed, and, as we think, the evidence at least *prima facie* shows, ordered the machine returned, which was accordingly done and accepted by Kastil, the agent of defendant in error at Monticello.   This was on the 27th and 28th days of August, 1888.   The affidavits reasonably show that an order by plaintiff in error to defendant in error was sent by letter to send another machine, and also telegram on the 28th August from defendant in error's agent at Monticello to send another machine.   This it refused to do and took judgment on the notes on the 3d day of September, 1888.   If on the trial by jury these facts should appear, defendant in error ought not to recover on the notes.   This judgment has been rendered on a power of attorney contained in the notes given at a time when it was supposed no trouble would ever arise, and the plaintiff in error's defense, if he has any, has since arisen.

He has had no opportunity to make a defense and to have the question of failure of warranty and return of the machine tested by trial by a jury.

If the court can see reasonable grounds for submission of the issue to a jury the judgment should so far be opened as to allow the plaintiff in error to plead and have the question tried; we think such a probable showing has been made and that the court erred in overruling the plaintiff in error's motion.   The contract provided that in the event the machine should fail to fill the warranty and should be returned, the defendant in error should send another machine or return the notes.   Neither was done by Kingman & Co., and hence, if plaintiff in error is right in his contention there can be no recovery on the notes.   The defendant in error contends that there is no proof that the machine did not do as good work as other machines similar to those of other manufacturers.

We think there is such proof.   The evidence tends strongly to show that the machine would not work, in threshing oats especially, so as to be good for anything; that it wasted the

oats, so that it was of no account; that it was not even good for threshing wheat. It would, even without other proof, be unreasonable to believe that there were no good machines. But Combs testified that " when the machine would clean, the grain would not be threshed; it failed to work as good as a machine ought to and would work." Nicholas Lux swears: "Keist did two jobs of work for me with different threshers; one was done with the machine got of Kastil and the other with a new and different machine; I told Preston that Keist had the boss machine now; that he threshed my oats in good shape  *  *  *  I was not talking about the machine that had been taken back." This abundantly shows that other machines would do good work. The first threshing of oats was July 31, 1888. Plaintiff in error testifies that on that evening he notified Kastil and wanted an expert. Kastil promised to write to Kingman & Co. On the 1st of August, Harshberger came to see the machine. He did nothing to the machine except put a wheel on the stretcher. On the 9th of August, plaintiff in error sent word to Kastil that he wanted help and he got word back that he would have to wait till the expert came. Finally, on August 25th, plaintiff in error wired the company the machine would not work; " send expert at once, or will return the machine to your agent." In response to this the agent, Harshberger, again came, and it was at this time that the machine was ordered returned and was returned.

The defendant in error, by responding to the notice, though verbal, waived the provision of the contract that the notice should be in writing, also the requirement that defendant in error as well as the agent, Kastil, should be notified. The notice was given within ten days after plaintiff in error commenced threshing oats, and responded to within that time. The provision of the contract that " continued possession or use of the machine after the expiration of the time named above shall be conclusive evidence that the warranty is fulfilled" does not mean that the machine shall be returned within ten days after its first use but only notice shall be given within ten days after

the first use, etc. For the contract further says that "time and opportunity and friendly assistance shall be given to reach the machine and remedy any defects." The "time and opportunity" etc., would often consume more than ten days. We think the evidence tends strongly to show that defendant in error did not intend to try to entrap the plaintiff in error into keeping a worthless machine by insisting on the manner and time of the notice, but still continued to endeavor to remedy defects to the time the machine was returned and afterward. Believing that the affidavits show sufficient grounds to require the plaintiff to be let in and plead to the merits and have the issue tried by a jury, we think the court erred in not allowing plaintiff in error's motion.

The judgment of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*