## Max Parnass v. Martin A. Ryerson.

### Gen. No. 12,724.

1. BILL OF EXCEPTIONS—*when recitals of, control record proper.* Where there is a conflict between the recitals of the bill of exceptions and the record proper, the recitals in the bill of exceptions must prevail over those in the record because the solemn act of signing and sealing the bill of exceptions by the judge, being final, is, in legal intendment, the more deliberate action of the court. An exception to this rule, however, is where the matter in question does not come within the function of the bill of exceptions, in which case the record proper controls over the bill of exceptions.

2. BILL OF EXCEPTIONS—*what not function of.* It is not the function of a bill of exceptions to show the priority of the hearing of motions, the entry of the record orders therein, or in fact that an appeal was prayed or granted.

3. APPEAL BOND—*effect of recitals in.* Recitals in an appeal bond do not cure defects with respect to matters of record.

4. REVIEW—*what ruling not subject to.* The ruling of the court on a motion to satisfy an execution *pro tanto* not being embraced in the order allowing the appeal, is not before the Appellate Court for review.

5. ABANDONMENT—*what tends to establish, within terms of lease.* An abandonment of the demised premises is tended to be shown by evidence that the premises, which were used for business purposes, were left vacant and unoccupied with respect to persons in possession, and likewise with respect to merchandise.

Judgment by confession. Appeal from the Circuit Court of
Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.
Heard in this court at the October term, 1905. Affirmed. Opin-
ion filed October 8 1906.

ADLER & LEDERER, for appellant.

HERRICK, ALLEN, BOYESEN & MARTIN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

On March 7, 1905, a judgment was entered by con-
fession in the Circuit Court in favor of appellee and
against appellant, for $666.66, by authority of a war-
rant of attorney contained in a lease to Parnass by
Ryerson, of the premises 242 Madison street, Chicago,
the judgment being for rent due for the months of
February and March 1905.

Parnass entered his motion to "set aside and vacate
the judgment    *    *    *    and for leave to plead; or
that the execution issued on said judgment be satis-
fied *pro tanto* to the extent of one hundred sixty-six
& 66-100 dollars." These motions are founded upon
the fact that about the 16th or 17th of March, 1905,
Ryerson—treating the possession by Parnass of the
demised premises as abandoned—made an entry, took
and retained possession thereof under a covenant in
the lease so empowering on an abandonment of posses--
sion by Parnass.

It will be observed that the motion being in the
disjunctive is dual, and the record shows the court so
treated it.

R. p. 14 recites: "This day comes the defendant and
enters herein his motion to set aside the judgment
heretofore rendered herein and for leave to plead
herein. After arguments of counsel and due delibera-
tion by the court said motions are overruled and de-
nied. Thereupon defendant, having entered his ex-
ceptions herein, prays an appeal from the above order

of this court to the Appellate Court. Appeal allowed.
Penalty of bond and time fixed in which to file same
and bill of exceptions. Following the foregoing (R. p.
15) is the further recitation: "Whereupon the defend-
ant enters his motion to satisfy the execution issued
herein *pro tanto,* which motion is also hereby overruled
and denied."

A variance between the recitations of the record and
bill of exceptions is averred as to the motion to satisfy
the judgment *pro tanto.* Where there is a conflict be-
tween recitations in the bill of exceptions and the
record, the recitations in the bill of exceptions must
prevail over those in the record, because the solemn act
of signing and sealing the bill of exceptions by the
judge being final, is in legal intendment the more de-
liberate action of the court. This is in accord with
what was said in Hirth v. Lynch, 96 Ill. 409, that
"where recitals of the record of proceedings as made
by the court and the statements of a bill of exceptions
signed by the judge are not in harmony, we must take
the real truth to be as stated in the bill of exceptions."
Catholic Order of Foresters v. Fitz, 181 Ill. 206. The
bill of exceptions when signed and filed in the case im-
ports verity, and no presumptions can be indulged to
the contrary. Long v. Linn, 71 Ill. 152.

We turn to the bill of exceptions (R. p. 23), and we
there find that exceptions were taken to both the orders
denying the two motions before the court. But in this
there is neither variance nor contradiction of the
record. In fact it is in harmony with the record. (R.
pp. 14, 15.)

The bill of exceptions does not purport to show the
priority of the hearing of the motions, the entry of the
record orders therein, or in fact that an appeal was
prayed or granted. That was not the function of the
bill of exceptions. These orders belong, where found,
in the record.

Recitations in an appeal bond of matters recited as

being of record, which fail to find support in the record, are of no avail.

The ruling of the court on the motion to satisfy the execution *pro tanto* not being embraced in the order allowing the appeal, is clearly not before us for review. It follows that this appeal brings before us for review the correctness or not of the action of the court in denying the motion of appellant to set aside the judgment and for leave to plead. To this alone our power and duty alike are circumscribed.

In Lake Shore etc. v. Chicago Western Ind., 100 Ill. 21, it was held that an appeal brings up for review only such matters as preceded the entry and perfecting of the appeal and not any matter which occurred subsequently. To like effect is Pennsylvania v. Greso, 79 Ill. App. 127.

There is no contention in this record but that the acts relied upon by appellant as reasons why the motion—to set aside the judgment by confession and for leave to be admitted to plead—should be granted, occurred subsequent to the entry of the judgment. This position being conceded, we will proceed to determine the law affecting the rights of appellant under the conditions thus presented.

In Lake v. Cook, 15 Ill. 353, both the power and the duty of courts over judgments entered by confession are quite thoroughly discussed, and upon this early decision rests most of the law in this state on this subject. It was there decided that courts of law exercise equitable jurisdiction over judgments entered by confession and that where an application is made for its exercise, and it clearly appears that the plaintiff was not entitled to the judgment, it is the court's duty to vacate it upon terms equitable as between the parties. Inferentially this means a defendant shall be permitted to make any legal defense which existed at the time judgment was entered. We find no authorities in this state holding a contrary doctrine, when the facts

Parnass v. Ryerson.

underlying the cases have been ascertained and applied to the principles of law enunciated and disregarding statements found in some of the cases clearly *obiter*.

In Condon v. Beese, 86 Ill. 159, the language used was "that where it clearly appeared that plaintiff was not entitled to judgment it would be set aside * * * " which plainly refers to defenses existing at the time of the entry of judgment. Martin v. Stubbings, 20 Ill. App. 381, referred likewise to defenses existing at the time of judgment.

Coming to the merits as disclosed by appellant's affidavit, we find that appellee gave notice of his having entered the premises demised to appellant and that he found a few articles of little consequence and of but slight value which he informed appellant he would hold subject to his order. The demised premises were entered on a claim that appellant had abandoned them and gone out of possession. These premises are situate in the business centre of the metropolitan city of Chicago. No stock of goods was found on the premises and the business of clothing and gents furnishing goods theretofore carried on had ceased to exist. The place was closed and the wheels of commerce had there ceased to revolve. Appellant had also ceased to pay rent. These conditions are, to say the least, *prima facie* evidence of an intentional abandonment of the premises by appellant within the meaning of the covenants of the lease. The evidential facts were wholly insufficient to authorize the court to open the judgment and let appellant in to recoup damages for the alleged trespass to his constructive possession. Even conceding that the claim made by appellant, if well founded, would entitle him to litigate it in the confession case, the facts averred as reasons for allowing him so to do lend no force to his claim and fairly refute his alleged cause of action.

If appellant shall still be advised that he has a

meritorious action against appellee on the evidence claimed, he has the right to attempt its enforcement in an appropriate original action; consequently no harm or injustice arises from not permitting him to enforce such claim in this action.

Finding no error in the action of the Circuit Court in denying the motion of appellant to set aside the judgment entered by confession and for leave to plead, the judgment is affirmed.

<em>Affirmed.</em>