## George A. Arnold, Appellee, v. B. E. McCoy et al., Appellants.

### Gen. No. 6,642.

1. JUDGMENT, § 58*—*when judgment by confession not vacated because of existence of defense to cause of action.* A judgment by confession, on a note given in part payment of an automobile, was not vacated because after the service of execution upon defendants, plaintiff took possession of the automobile.

2. JUDGMENT, § 58*—*when defense to debt is not available on motion to open judgment by confession.* A defense to a debt arising after the entry of judgment by confession is not available on motion to open the judgment.

Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed July 18, 1919.

E. L. LYON and MIGHELL, GUNSUL & ALLEN, for appellants.

CHARLES H. DARLING, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

The appellee, George A. Arnold, held the judgment note, past due, of W. McCoy, Anna McCoy and B. E. McCoy, the appellants, on which he caused a judgment by confession to be entered in the City Court of Aurora, October 6, 1913. Execution issued, and on November 29, 1913, the defendants filed a motion to set aside the judgment and for leave to plead and defend on the merits, supported by the affidavit of W. McCoy that the note was given in part payment for an automobile purchased by him from the plaintiff; that the defendants had no knowledge of the entry of the judgment until the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

execution was served on them; that immediately thereafter the plaintiff, "without any process out of court or any authority vested in him, by reason of an execution or a chattel mortgage, repossessed the said automobile," and has retained possession and refused to turn it over to any of the defendants, and that by reason thereof the indebtedness is canceled. The record shows nothing further until May 17, 1918, when the defendants served notice on the plaintiff that they would on the next day appear in court and take up said motion. At the time appointed, counsel for each side appeared, and the court on a hearing refused to set aside the judgment, from which order this appeal is prosecuted.

Several points are argued, but a controlling question is whether a defense to a debt arising after the entry of the judgment is available on motion to open the judgment. There is nothing in the record indicating that there was any defense to the note when the judgment was entered. Defenses to a debt evidenced by a judgment may arise after rendition by payment or release. But should a court, in the exercise of equitable jurisdiction over judgments entered in this way, open or set aside a judgment valid when it was rendered and subject only to defenses arising thereafter? The only authority cited by appellants on this point is the decision of this court in *Keist v. Kingman & Co.*, 36 Ill. App. 489, which, according to its syllabus, holds that where notes given in payment for a machine warranted are put in judgment before breach of the warranty, which afterwards occurs, the judgment should be set aside. We do not find that holding in the opinion. The substance of the affidavits on which the court was acting is stated on pages 492 and 493, and it clearly appears that the judgment was entered September 3, 1888, after the failure of the machine to fulfill the warranty, and after the machine was returned to the vendors, the owners of the note, and after they had refused to send another

machine. We find nothing in the opinion indicating that a judgment should be opened solely on the ground that a valid defense arose after its rendition. The only case directly in point that we have found is by the Appellate Court of the first district (*Parnass v. Ryerson,* 128 Ill. App. 489) where, without citing any direct authority, but on a consideration of the language used in *Eake v. Cook,* 15 Ill. 353, and *Condon v. Besse,* 86 Ill. 159, it was held that a judgment by confession should only be opened "to make any legal defense which existed at the time the judgment was entered," and that there was no authority in this State holding a contrary doctrine when the facts underlying the cases were ascertained and applied to the principles of law enunciated. We think that is true of the present state of authority here; therefore, without considering appellee's other claims that the action of the trial court should be affirmed because of the delay of appellants in bringing the motion to the attention of that court, because the affidavits show no defense, and because the record here is imperfect, we conclude that the order and judgment should be affirmed.

*Affirmed.*