# William Handel, Appellant, v. C. N. Curry and Abe Sternberg, Appellees.

## Gen. No. 33,442.

Opinion filed July 3, 1929.

D. W. ELLIOTT, for appellant.

C. W. SHAEFFER and MAXFIELD WEISBROD, for appellee C. N. Curry.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On March 24, 1927, in the municipal court of Chicago, in an action of contract, William Handel, plaintiff, obtained a judgment by confession on a promissory note for $500, signed by the defendants and made payable to the order of S. L. Freeman and by the latter indorsed and delivered to the plaintiff for value received and before maturity. On March 5, 1928, the defendants moved the court to vacate the judgment by confession and filed in support of said motion certain affidavits, and on March 23, 1928, the court, over the objection of the plaintiff, entered an order staying

execution and granting leave to the defendants to appear and make defense, the judgment to stand as security. The cause was heard by the court upon evidence submitted and thereafter the court found the issues against the plaintiff, overruled motions by him for a new trial and in arrest of judgment on the finding, and entered judgment, vacating the judgment of March 24, 1927, and ordering that the plaintiff take nothing by his suit and that the defendants have and recover from the plaintiff their costs. This appeal followed. The defendants have not filed a brief in this court.

The plaintiff strenuously argues that the trial court erred in granting the defendants leave to appear and make a defense, for the reason that the affidavits in support of their motion tended merely to show alleged payments made to the plaintiff by the defendants after the entry of the judgment. There is undoubtedly much force in this contention, but in the view that we have taken of this appeal it is not necessary for us to pass upon the same.

Upon the hearing the defendants offered evidence tending to prove that they had made certain payments of money to the plaintiff, after the entry of the judgment. These alleged payments amounted to approximately $315. The plaintiff then testified that the said alleged payments applied on other notes that the defendants had given to the plaintiff for moneys loaned them and that they had no reference to or connection with the note upon which the judgment in the instant case was entered. The defendants did not offer any evidence in rebuttal of this testimony of the plaintiff.

Even according to the theory of fact of the defendants, the alleged payments were made after the judgment in the instant case had been entered, and the contention of the plaintiff that the trial court had no right, as a matter of law, under such a state of facts, to vacate the judgment, is clearly a meritorious one.

"In this State, where a judgment is in fact paid, the court, on motion, may stay further proceedings and compel the entry of satisfaction of record. *Russell v. Hogan,* 1 Scam. 552; *Hoag v. Starr,* 69 Ill. 365; *Neal v. Hanley,* 116 id. 423; Black on Judgments, 1014. The same rule has been adopted elsewhere. 1 Bos. & Pul. 428; *Smock v. Day,* 5 Rand. (Va.) 638; *Job v. Walker,* 3 Md. 129; *Dunlap v. Clemence,* 18 Ala. 778; *Chambers v. Neal,* 13 B. Mon. 256; *Marsh v. Haywood,* 6 Humph. 210; *McClellan v. Baker,* 20 Kan. 50; *Stafford v. Janesville,* 15 Wis. 475; *McDonald v. Falvey,* 18 id. 571. In cases arising upon motion, it would seem that the same mode of trial ought to prevail as prevailed at common law in proceedings by the writ of *audita querela,* and such we find to be the practice. An issue is made, and sent to the jury to be tried, as any other issue of fact. (*Lister v. Mundel,* 1 Bos. & Pul. 437; *Homer et al. v. Homer,* 38 Pa. St. 126; *Cooley v. Gregory,* 16 Wis. 303; *Baker v. Ridgeway,* 2 Bing. 41; 9 E. Cl. 311; Black on Judgments, *supra.*) The parties are thereby given their right of trial by jury." (*Harding v. Hawkins,* 141 Ill. 572, 584.) If the defendants have in fact made payments to the plaintiff sufficient to satisfy the judgment in the instant case, let them proceed in the proper manner to obtain satisfaction of the judgment.

The order of the municipal court of Chicago, dated December 28, 1928, finding the issues against the plaintiff and vacating the judgment by confession, of March 24, 1927, and ordering that "the plaintiff take nothing by this suit," and that the defendants have and recover from the plaintiff their costs, is reversed.

*Reversed.*

. BARNES, P. J., and GRIDLEY, J., concur.