W. C. Handley, Appellant, v. Oscar W. Moburg, Appellee.

Gen. No. 35,076.

Opinion filed May 11, 1932.

NUTTALL & FLOOD, for appellant.

JOHN E. ERICKSON and FREDERICK J. BERTRAM, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

This cause is now before us on rehearing granted. After due consideration, we adhere to the original opinion.

Judgment was entered by confession in the municipal court of Chicago in favor of plaintiff and against defendant on a warrant of attorney, authorizing confession of judgment at any time thereafter in a written guarantee on the back of a chattel mortgage note executed by defendant as maker. The note was dated September 24, 1927, in the amount of $1,368, and showed a credit on its face of $170. The judgment was entered on September 28, 1927, for the balance re-

maining due on said note, together with attorney's fees allowed by the court, aggregating $1,298 and costs.

On December 27, 1929, defendant filed a motion to vacate and set aside the judgment thus entered and in support of his motion filed an affidavit which was allowed to stand as his affidavit of merits, setting up in substance that the note was a chattel mortgage note and subject to all defenses in the hands of plaintiff as assignee; that thereafter and notwithstanding the entry of judgment, plaintiff as assignee took possession of the automobile pledged as security for the payment of the note and appropriated the same to his own use, and then conducted a chattel mortgage sale of the car by himself to himself; that by reason of said sale plaintiff had satisfaction from the defendant, and the consideration for said note had failed and plaintiff was not entitled to recover any part of said judgment.

The court ordered that the judgment by confession be opened, that leave be given to defendant to appear and make defense and that trial of said cause be had notwithstanding said judgment; that the judgment stand as security and execution be stayed until further order of the court; also that the affidavit filed by defendant stand as his affidavit of merits.

Subsequently, the defendant filed an additional affidavit interposing usury as a partial defense. On trial, however, this question was taken from the jury.

Upon issues thus joined, the cause was heard before the court and a jury resulting in a verdict finding the issues against the plaintiff. Plaintiff moved for judgment *non obstante veredicto* and then for a new trial, which were overruled and judgment entered on the verdict.

Several points are raised, but the controlling question is whether the trial court had authority to set aside the judgment entered by confession on a defense arising subsequent to the entry of judgment. This

question was squarely presented in the case of *Arnold v. McCoy*, 214 Ill. App. 557, which is precisely in point. In that case, as here, judgment was taken by confession, execution issued, and a considerable time thereafter defendants filed a motion to set aside the judgment and for leave to plead and defend, supporting their motion by affidavit that the note was given in part payment of an automobile; that immediately thereafter plaintiff repossessed the said car and has retained possession thereof, refusing to return it to defendant, and that by reason thereof the indebtedness was canceled. Upon the hearing of the motion, the court refused to set aside the judgment, and held that defense to a debt arising after the entry of the judgment is not available on motion to open the judgment.

Defendant seeks to distinguish the foregoing decision from the case at bar by insisting that the judgment was here vacated and defendant's petition allowed to stand as his affidavit of merits; and that under the authority of *Borschsenius v. Canutson*, 100 Ill. 82, and cases cited therein, was thereafter at liberty to interpose any defense, which he might do in an ordinary action upon the note by summons, including the defense of satisfaction. The *Borschsenius* case does lay down the rule that where a judgment entered by confession is opened and the defendant granted leave to plead without any restriction, he may plead any matter in bar which he might do had the suit been brought by summons in the ordinary way, and that the warrant of attorney to confess cannot be relied upon in avoidance of the plea. However, in the *Borschsenius* case, the affidavit upon which the judgment was opened set out a meritorious defense to the debt, which is one of the fundamental requisites of such a pleading. The additional defense thereafter interposed was a plea of set-off, and the court simply held that the latter plea which was in bar of the action might be availed of as

well as the other defense set up on the petition supporting the motion to vacate the judgment. Before this rule can be invoked, however, there must be some showing to authorize the court to open the judgment; there must be some valid legal defense averred to authorize the court in acting. In the instant case, the only matter alleged in defendant's petition relates to matters arising subsequent to the entry of the judgment, namely, satisfaction, and therefore the immediate question presented for review is whether the court had authority under defendant's petition to vacate the judgment theretofore entered by confession. Upon this question we find the recent case of *Handel v. Curry,* 254 Ill. App. 36, directly applicable. Similar circumstances existed in that case and the court held adversely to the contentions of the defendant herein. It there appears that a judgment by confession was obtained on a promissory note. Later the defendants moved the court to vacate the judgment, and in support of their motion filed certain affidavits alleging payments made to the plaintiff after the entry of the judgment. Over the objection of plaintiff, an order was entered by the court staying execution and granting leave to defendants to appear and defend, the judgment to stand as security. Thereafter the cause was heard by the court, as here, upon evidence submitted, and the court found the issues against the plaintiff. In discussing the question pertinent to the instant case, the court said:

"Even according to the theory of fact of the defendants, the alleged payments were made after the judgment in the instant case had been entered, and the contention of the plaintiff that the trial court had no right, as a matter of law, under such a state of facts, to vacate the judgment, is clearly a meritorious one. 'In this State, where a judgment is in fact paid, the court, on motion, may stay further proceedings and compel

the entry of satisfaction of record. *Russell v. Hogan,* 1 Scam. 552; *Hoag v. Starr,* 69 Ill. 365; *Neal v. Hanley,* 116 id. 423; Black on Judgments, 1014. . . . . In cases arising upon motion, it would seem that the same mode of trial ought to prevail as prevailed at common law in proceedings by the writ of *audita querela,* and such we find to be the practice. An issue is made, and sent to the jury to be tried, as any other issue of fact. The parties are thereby given their right of trial by jury.' *Harding v. Hawkins,* 141 Ill. 572, 584. If the defendants have in fact made payments to the plaintiff sufficient to satisfy the judgment in the instant case, let them proceed 'in the proper manner to obtain satisfaction of the judgment.''

Under the common law, the writ of *audita querela* was a form of action by which a defendant might recall or prevent an execution on account of some matter occurring after judgment, amounting to a discharge. The writ was of a remedial nature and was devised principally to relieve a party who had a good defense, but was too late to make it in the ordinary form of proceeding. It was characteristic of the writ that its venue was of the court issuing the execution. *Longworth v. Screven,* 2 Hill (S. C.) 298, 27 Am. Dec. 381; *Hopkins v. Hayward,* 34 Vt. 474; *Coffin v. Ewer,* 46 Mass. (5 Metc.) 228. We believe the trial court in the instant case would have been justified under the prayer of defendant's petition to invoke the practice prevailing at common law. The petition prayed that the court vacate and set aside the judgment, ''or that judgment be satisfied of record.'' Under this alternative prayer for relief, the trial court should have impaneled a jury for the sole purpose of trying the issue raised by the petition, namely, whether the judgment had been satisfied by the sale of the automobile. The judgment should not have been opened because the petition failed

362

to show that any legal defense existed at the time the judgment was entered.

Defendant also urges that the judgment by confession was prematurely entered because the debt was not due and insists that this was sufficient ground for setting the judgment aside. The rule is otherwise, however, as laid down by a long line of decisions. *Adam v. Arnold*, 86 Ill. 185; *Bradshaw v. Hansen*, 232 Ill. App. 44, 50; *St. Clair v. Goldie*, 244 Ill. App. 357.

In conformance with the views herein expressed, the order of the municipal court setting aside the original judgment by confession entered September 28, 1927, for $1,298 and costs is reversed with directions to expunge from the record said order and allow the judgment by confession theretofore entered herein to stand in full force and effect, and that the court proceed further with the prayer of the defendant's petition asking for satisfaction of the judgment of record.

*Reversed and remanded with directions.*

HEBEL, P. J., and WILSON, J., concur.