**Kenneth D. Stoecklin, Plaintiff-Appellant, v. Stephen Paulos, et al., Defendant-Appellees.**

Term No. 57–O–6.

Fourth District.

February 7, 1958.

Rehearing denied February 28, 1958.

Released for publication February 28, 1958.

241

Francis J. Manning, of Wood River, and Emerson Baetz, of Alton, for plaintiff.

Cox, Smith & Bassett, of Wood River, for defendants-appellees.

JUDGE SCHEINEMAN delivered the opinion of the court.

This was a suit in equity to enjoin collection of a judgment entered by confession. A temporary injunction was issued, but later dissolved and the suit dismissed on final hearing for want of equity. From that decree, this appeal was perfected.

It appears that plaintiff was an accommodation maker on three judgment notes upon which judgments by confession were entered in 1954 against all the makers. About a year later, this plaintiff filed a motion as defendant in one judgment, to have it opened and to permit a defense. The motion and affidavit asserted that the note had been secured by chattel mortgage which was not stated in the note, that payments had been made for which no credit had been given, and that the mortgage had been foreclosed in an irregular and improper manner.

A hearing was had upon the motion and affidavits of the parties, resulting in a denial of the motion. No appeal was taken in that case. Shortly thereafter, this suit for injunction was filed. The complaint asserts substantially the same grounds as the motion to open, plus the assertion that proceeds from the mortgage sale had been applied on "other notes" and that failure to give proper credits had occurred after the entry of the judgment, and could not be shown in the law suit, so that his only remedy was in equity. There was no prayer for accounting, but merely for an injunction and release of the judgment.

242

The answer denied, among other things, the charge that defendant had sold the property under the mortgage. It also denied the failure to give proper credits, or that the judgment was for more than actually due.

On the final hearing plaintiff produced very little evidence except that there had been a public auction of chattels belonging to the co-makers on the note. No chattel mortgage was produced nor any evidence as to its provisions or what property it covered. Plaintiff said he could not state positively what notes the mortgage secured. He admitted signing *other notes* with the same co-makers payable to the same defendant. It was stipulated that judgments against plaintiff on two of the other notes have been satisfied.

The only written evidence of the existence of a chattel mortgage appears in an agreement which was an exhibit attached to the answer. It was stipulated that the parties had signed that agreement. The makers of the notes, including plaintiff were the first parties and defendant was the second party. The exhibit refers to three judgments, and states that the notes (plural) were secured by chattel mortgage. It provided for certain credits, and expressly stated the actual balance due.

The only evidence concerning payments on the notes came from defendant. He testified there had been payments prior to default, the last one being in December of 1953 (which was prior to judgment). He denied having anything to do with the sale of the chattels, except that he had helped the owners load the property on a truck to haul it to the place of sale. His testimony stands uncontradicted.

Plaintiff merely asserted that he did not sell or try to sell the property. He admits he was represented by an attorney through the whole transaction. It appears his attorney discussed the sale with defendant's attorney. Plaintiff says he was not present at the discus-

sion, but he did receive notice of the sale by letter, and saw a notice in the paper, and showed it to other people. He could not remember whether he had paid for the ad. If the sale was by virtue of a chattel mortgage, there is nothing to show it did not conform to authority therein, or that it violated any agreement of counsel.

At the close of the evidence, the chancellor stated he found no fraud, and that he would not sit as an appellate court to review the judgment at law.

On this appeal, plaintiff contends he was not permitted and could not show in the law case that there were payments or credits on the judgment after its entry, that equity will enjoin enforcement of a judgment where circumstances make such enforcement wrongful and inequitable, and apparently contends the chancellor should have required the defendant to prove himself innocent of the charges asserted. Defendant contends there is no right to litigate the same matters twice.

■■ As to the jurisdiction of the law court over its judgment, it is true that subsequent payments or satisfaction of the judgment cannot be shown for the purpose of opening up or setting aside the judgment. But the law court does have power to require satisfaction of a judgment. The common law writ of audita querela was the appropriate remedy, and similar procedure is available in this state. A motion or petition could be filed asserting the payments or satisfaction, and if issue is joined, the issue may be submitted to a jury. Handel v. Curry, 254 Ill. App. 36; Handley v. Moburg, 266 Ill. App. 356; Bower, Inc. v. Silverstein, 298 Ill. App. 145.

■■■ Aside from that rule, the evidence only showed payments before judgment. If they were not properly credited, that is certainly an available defense at law. That defense was raised by the motion

to open up the judgment, and the ruling was adverse. Plaintiff cannot come into equity to re-litigate the same defense. It is well settled that equity will not re-examine legal questions which have been decided at law. Hofmann v. Burris, 210 Ill. 587; Telford v. Brinkerhoff, 163 Ill. 439, 45 N. E. 156.

██ Plaintiff's brief cites cases of equitable relief against fraud. There is a lengthy quote from Phares v. Barbour, 49 Ill. 370, which is to the effect that a creditor who takes possession of mortgaged property becomes a trustee, and "has no right to appropriate it contrary to the terms of the mortgage to his own use". Another case cited is Elder v. Prussing, 101 Ill. App. 655. In that case the court expressly found from the evidence that the judgment had been procured by fraud and collusion between the principal maker and the creditor, which prevented the presentation of a proper defense. The citations are not applicable to the facts before us. There is not even any claim that the judgment was procured by fraud. And if there had been, that could be shown in the defense at law; equity may grant relief against judgments, but only in a limited class of cases and always on some recognized ground of equity jurisdiction. Mohr v. Messick, 322 Ill. App. 56.

There is no evidence in the record to indicate that the defendant appropriated any of the security to his own use. And if he bid in any items at the sale, he might well have a right to do so under the terms of a mortgage, or by plaintiff's consent. 9 I. L. P. Chat. Mort. Sec. 280. Arrangements made through his attorney would be binding on him.

██ Plaintiff had a day in court and did not appeal from the ruling at law. When he came into equity he had the burden of proving some equitable ground for the chancellor to interpose his equitable powers. This is especially true of a claim of fraud.

245

Fraud is not presumed, the party alleging fraud has the burden of proving it. Barrett v. Shanks, 382 Ill. 434; Graham v. Lounsbury, 341 Ill. App. 76; 19 I. L. P. Fraud, Sec. 41.

Since the evidence failed to show any grounds for equitable interposition, the complaint was properly dismissed, and the decree is affirmed.

Decree affirmed.

CULBERTSON, P. J. and BARDENS, J., concur.