INTERSTATE BANK OF OAK FOREST, Plaintiff-Appellee, *v.* ARTHUR SLUIS *et al.*, d/b/a Sluis & O'Connell Realty, Defendants-Appellants.

First District (5th Division)    No. 79-287

Opinion filed December 21, 1979.

James H. Wolf, of Chicago (Tobin & Wolf, of counsel), for appellants.

Joseph J. DeMichael, of Elmore, Gowen & DeMichael, P. C., of Midlothian, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

The sole issue presented in this appeal is whether the trial court erred in denying defendants' motion to open a judgment entered by confession against defendants.

It appears that on March 21, 1972, defendants executed a promissory note to plaintiff in the amount of $32,499.60. The note authorized plaintiff's attorney, in the event of a default, to confess judgment for the balance of the debt due plus reasonable attorney's fees. As security for the indebtedness, defendants assigned to plaintiff their beneficial interest in a land trust. When defendants defaulted, plaintiff notified them by certified mail on April 16, 1975, that there would be a sale of the collateral. On May 3, 1975, plaintiff filed a complaint for judgment by confession on the note, and such judgment was entered on May 8 for $14,595.98—the balance due

on the note—plus attorney's fees of $812.30. The collateral sale was held on May 19, 1975, and although defendants were notified, they did not attend. At the sale, plaintiff purchased the beneficial interest for $16,000 and, thereafter, managed the property until eventually selling it to a third party.

Notwithstanding its acquisition of the property, plaintiff sought to execute the judgment by confession, and citation proceedings were commenced in 1977. It is the position of defendants that they did not know of the sale details or that plaintiff had been the purchaser until their attorney finally obtained this information from plaintiff on June 6, 1977. Over the next several months, defendants filed a series of petitions and motions seeking to vacate or open the judgment by confession on the grounds that the debt had been satisfied by plaintiff's acquisition of the property. On June 16, 1977, they filed a petition for injunction seeking to restrain execution of the judgment; on June 17, a petition was filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), requesting vacatur of the judgment; on June 29, they filed an amended petition for injunction dealing with an issue not here relevant; and on August 26, they moved, pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276) to open the confession judgment. This motion included an answer to the complaint for judgment by confession (as required by Rule 276), asserting an affirmative defense that the purchase by plaintiff at a price coincident with the balance of the debt due constituted payment and extinguished the obligation. Also accompanying the motion was an affidavit of defendants' attorney stating that after a citation proceeding on April 7, 1977, he asked plaintiff's attorneys to supply all information and documents relevant to the collateral sale; that such materials were not promptly forwarded; and that he was first informed that plaintiff was purchaser at the sale in a telephone conversation with one of plaintiff's attorneys on June 6, 1977.

On February 23, 1978, defendants filed an amended motion under Rule 276 to open the judgment by confession. In addition to the defense set forth in the original motion, they also asserted that the attorney's fees were improperly awarded in that no evidence or testimony in support thereof had been submitted by plaintiff. Two additional affidavits were included. In one, defendant Sluis stated that prior to April 7, 1977, he had requested but had not been given the details of the collateral sale from plaintiff; that on one occasion prior to April 7, he was in court in a citation proceeding (unaccompanied by counsel) and there asked one of plaintiff's attorneys for the details of the sale, but they were not provided; that on April 7, he was in court with codefendant O'Connell and their attorney (James Wolf) when the latter asked one of plaintiff's attorneys for the details of the sale; and that on June 6, 1977, Wolf said he had been

informed that plaintiff had purchased the property at the sale. In the other affidavit, defendant O'Connell stated that he was in court on April 7 with Sluis and Wolf when the latter asked one of the plaintiff's attorneys for information regarding the sale, and that he first learned that plaintiff had purchased the subject property when he was so informed by Wolf on approximately June 6.

Plaintiff filed certain motions to strike and responses to the various petitions and motions of defendants—all of which were consolidated and, after a hearing, the trial court entered an order denying "all pending motions and petitions filed on behalf of the defendants" but without stating any reasons for its holding. This appeal is from that order.

OPINION

■■■ Initially, we note that while the trial court denied all of defendants' petitions and motions, defendants in their brief here cite no law and make no argument concerning their petitions under section 72 and for injunctive relief. We hold this to be a waiver of any possible error regarding those petitions. (*Village of Roxana v. Costanzo* (1968), 41 Ill. 2d 423, 243 N.E.2d 242; *People v. Brady* (1974), 23 Ill. App. 3d 330, 318 N.E.2d 642; *Ray v. Cock Robin, Inc.* (1973), 10 Ill. App. 3d 276, 293 N.E.2d 483, *aff'd* (1974), 57 Ill. 2d 19, 210 N.E.2d 9.) Thus, the sole issue remaining is whether the trial court erred in refusing to open the judgment pursuant to defendants' motions under Rule 276, which provides in pertinent part:

> "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavits disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counter-affidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted." (Ill. Rev. Stat. 1977, ch. 110A, par. 276.)

In addition, it has been explained that, at the hearing on the motion, the trial court's determination as to whether a *prima facie* defense has been presented is to be based only on the motion and supporting documents. (*Mierlak v. Pizzo* (1972), 9 Ill. App. 3d 504, 292 N.E.2d 475 (abstract); *Gleneke v. Lesny* (1970), 130 Ill. App. 2d 116, 264 N.E.2d 803; *Barrick v.*

*Barnes* (1964), 46 Ill. App. 2d 172, 196 N.E.2d 526.) Thus, we must first determine whether defendants have adequately presented any defense on the merits which would warrant opening the judgment.

In this regard, their first defense was that the obligation was extinguished and payment was in effect made by virtue of the collateral sale on May 19, 1975. We do not believe, however, that this is a meritorious defense under Rule 276, since, as plaintiff points out, the cases clearly indicate that a judgment by confession may not be opened on grounds arising after the judgment has been entered—which, in the instant case, was May 9, 1975. For example, in *Arnold v. McCoy* (1919), 214 Ill. App. 557, plaintiff had secured a judgment by confession against defendants on a note which was given in partial payment for the purchase of an automobile. Defendants moved to set aside the judgment on the ground that plaintiff had subsequently repossessed the automobile and that the indebtedness was therefore cancelled. The trial court denied the motion, and this court affirmed stating that the cases allowed a judgment by confession to be opened only " 'to make any legal defense which existed at the time the judgment was entered.' " (214 Ill. App. 557, 559.) Similarly, in *Handel v. Curry* (1929), 254 Ill. App. 36, after plaintiff obtained a judgment by confession on defendants' promissory note, they sought vacatur on the grounds that plaintiff had made partial payment to defendants subsequent to the entry of judgment. The court denied vacatur because "the alleged payments were made after the judgment in the instant case had been entered" (254 Ill. App. 36, 37), but went on to explain the proper remedy available to defendants:

> " 'In this State, where a judgment is in fact paid, the court, on motion, may stay further proceedings and compel the entry of satisfaction of record. [Citations.] * * * In cases rising upon motion, it would seem that the same mode of trial ought to prevail as prevailed at common law in proceedings by the writ of *audita querela*, and such we find to be the practice. An issue is made, and sent to the jury to be tried, as any other issue of fact. [Citations.] The parties are thereby given their right of trial by jury.' [Citation.] If the defendants have in fact made payments to the plaintiff sufficient to satisfy the judgment in the instant case, let them proceed in the proper manner to obtain satisfaction of the judgment." (254 Ill. App. 36, 38.)

In *Handley v. Moburg* (1932), 266 Ill. App. 356, defendant, in a "motion to vacate and set aside" a judgment by confession, requested vacatur "or that judgment be satisfied of record." Attached to the motion was defendant's affidavit stating that after entry of the judgment, plaintiff took possession of the automobile pledged as security for the debt and conducted a collateral sale and that the debt was therefore satisfied. The

trial court ordered opening of the judgment and granted defendant leave to appear and defend. On appeal, this court held that the judgment should not have been opened "because the petition failed to show that any legal defense existed at the time the judgment was entered" (266 Ill. App. 356, 361-62) but explained that pursuant to defendant's motion, the trial court under the proper circumstances could enter an order of satisfaction of record:

> "Under the common law, the writ of *audita querela* was a form of action by which a defendant might recall or prevent an execution on account of some matter occurring after judgment, amounting to a discharge. The writ was of a remedial nature and was devised principally to relieve a party who had a good defense, but was too late to make it in the ordinary form of proceeding. * * * We believe the trial court in the instant case would have been justified under the prayer of defendant's petition to invoke the practice prevailing at common law. The petition prayed that the court vacate and set aside the judgment, 'or that judgment be satisfied of record.' Under this alternative prayer for relief, the trial court should have impaneled a jury for the sole purpose of trying the issue raised by the petition, namely, whether the judgment had been satisfied by the sale of the automobile." (266 Ill. App. 356, 361.)

Thus, we think it is clear that in the instant case defendants' assertion of the subsequent collateral sale was not proper grounds for opening the judgment under Rule 276 since this alleged defense arose after entry of the judgment. As the above cases indicate, the modern remedy appropriate when a defense or discharge has arisen subsequent to the entry of judgment, and which provides for the same relief afforded at common law by the writ of *audita querela*, is a motion to obtain satisfaction of record. (*Russell v. Klein* (1974), 58 Ill. 2d 220, 317 N.E.2d 556; *Harding v. Hawkins* (1892), 141 Ill. 572, 31 N.E. 307; *Stoecklin v. Paulos* (1958), 16 Ill. App. 2d 240, 147 N.E.2d 687; *Barnett v. Gitlitz* (1937), 290 Ill. App. 212, 8 N.E.2d 517; 4 Ill. L. & Prac. *Audita Querela* §2 (1971).) Such motions constitute a new and independent suit in which the motion or petition stands as the complaint (*First National Bank & Trust Co. v. Desaro* (1963), 43 Ill. App. 2d 153, 193 N.E.2d 113; *Di Paola v. Seppala* (1949), 336 Ill. App. 344, 83 N.E.2d 889), and it should be noted that such procedure is founded in modern motion practice and is not governed by the requirements of section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). *Russell v. Klein.*

Defendants posit that they are nonetheless entitled to raise the collateral sale as a defense at this time. They assert that the rule disallowing the opening of judgments by confession on the basis of

matters arising after entry originated before the United States Supreme Court decided *Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983, which requires a procedure to confirm all judgments entered by confession. Pointing out that Illinois has adopted such a procedure, it is argued that judgments by confession in this State should be opened on the basis of matters arising after entry of judgment but before its confirmation. Because, in the instant case, a summons to confirm judgment had been served on defendants but confirmation had not yet been entered, they urge that they properly raised the issue of the collateral sale in their motion to open the judgment. We disagree.

Initially, we note that this argument was not raised in defendants' initial brief in this court but was presented first in the reply brief, and it is therefore waived. (*Davis v. Retirement Board of Policeman's Annuity Fund* (1975), 30 Ill. App. 3d 318, 332 N.E.2d 446; *In re Estate of Woodshank* (1975), 27 Ill. App. 3d 444, 325 N.E.2d 686.) Moreover, defendants' reasoning is faulty. The procedure by which the summons to confirm judgment was issued here is authorized in section 12 of "An Act relating to wage deductions ° ° °" (Ill. Rev. Stat. 1977, ch. 62, par. 82), which requires that a confirmation hearing be held on judgments entered by confession before such judgments may be executed by a wage deduction, as plaintiff sought here. This statute has been in effect since 1961 and was not a result of the *Fuentes* case (decided in 1972), as defendants state. In addition, it applies only when a deduction order is sought and does not apply to all judgments entered by confession. Nor do we see how *Fuentes* otherwise supports defendants' position as it dealt with the constitutionality of prejudgment seizure of property on an *ex parte* basis.

■ Further, Rule 276 provides that judgments may be opened only if it appears that the movant "has been diligent in presenting his motion to open the judgment" (Ill. Rev. Stat. 1977, ch. 110A, par. 276), and we believe there was a failure to exhibit such diligence here. While defendants stated in their affidavits that they were not informed of the details of the sale until June 6, 1977, it appears undisputed that they had been notified by certified mail on April 16, 1975, that a sale would take place on May 19, 1975. Thus, defendants were necessarily aware that their debt may have been partially satisfied at that sale, which they did not attend, even though they may not have known the identity of the purchaser or the specifics of the sale. In the light thereof, we cannot say that defendants were sufficiently diligent when they did not assert, until June 1977—more than two years later—the defense of the collateral sale.

■■ Defendants' second defense set forth in their amended motion under Rule 276 is that the award of attorney's fees in the amount of $812.30 was not based on any evidence or testimony. While some evidence is required

to support an award of fees (see *64 E. Walton, Inc. v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 635, 387 N.E.2d 751), we see no error in the refusal to open the judgment on this basis, as it appears that this defense also was not diligently raised as required by the rule. The judgment by confession, including the award of attorney's fees, was entered on May 8, 1975; yet, the amended motion to open the judgment, which raised the issue of fees, was not filed until February of 1978. In the absence of an explanation for this delay, we find the motion was properly denied.

For the reasons stated, the order denying defendants' motion to open the judgment by confession is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.