The People *ex rel.* Vosburgh *v.* John A. Jameson, one of the Judges of the Superior Court of Chicago.

(September Term, 1867.)

1. MANDAMUS — *to compel a judge to sign a bill of exceptions.* The Supreme Court has jurisdiction to grant a writ of *mandamus* to compel a judge of an inferior court to sign a bill of exceptions.

2. But the judge to whom the bill is offered must be the exclusive judge as to its correctness, and will not be compelled to sign a bill which he believes does not contain the truth.

THIS was an application to this court for a writ of mandamus, in the name of the people, on the relation of John S. Vosburgh against John A. Jameson, one of the judges of the Superior Court of Chicago, to compel him to sign an amended bill of exceptions.

It appears that on the trial in the Superior Court of a cause wherein John S. Vosburgh was plaintiff and The Chicago and Great Eastern Railway Company was defendant, at which Judge JAMESON presided, among other witnesses Augustus Wallbaum was introduced and testified. The trial resulted adversely to the defendant, and, preparatory to bringing the case to this court for a review, a bill of exceptions was prepared purporting to embody the evidence given, which was signed and sealed by the judge. Subsequently, Vosburgh, being dissatisfied with the statement of the testimony of the witness

Wallbaum, as presented in the original bill of exceptions, prepared an amended bill of exceptions, giving a different statement of the testimony of that witness, and presented the same to Judge JAMESON to be signed and sealed by him, which he refused to do. And thereupon, Vosburgh applied to this court for a writ of mandamus to compel the judge who tried the cause to sign the amended bill of exceptions.

The issuing of an alternative writ was waived, the following statement by Judge JAMESON being taken as a return, upon which the relator moved for a peremptory writ of mandamus.

This is the statement of Judge JAMESON :

" *To the Honorable the Judges of the Supreme Court of the State of Illinois:*

"I, John A. Jameson, to whom the annexed writ is directed, having declined to sign and seal the bill of exceptions copied into said writ, respectfully return said writ to your honorable court with the reasons that have governed my action.

" The cause named in said writ is now pending in your honorable court, on appeal taken by the defendant below, and the record will show the bill of exceptions which I did sign and seal, and to it I refer for its contents.

" When the bill of exceptions was presented to me by the defendant below, I understood it had been for a considerable time in the hands of the plaintiff's counsel, and there was no disagreement, except as to the statement of the last offer of proof to be made by the witness Wallbaum. The defendant's counsel insisted the statement in the bill of exceptions presented by them was accurate, while the plaintiff's counsel objected, and insisted it should be changed so as to make it substantially as in the attached writ.

" I had no memoranda of the disputed matter, and no recollection about it that was at all satisfactory to my own mind.

" I listened patiently and carefully to the statement made by the counsel of both parties, and was still uncertain as to what the fact was.

"There had been a phonographic reporter present during the time the testimony was being taken (though different reporters were there at different times). I sent for Mr. S. W. Burnham, the reporter who was present at the time the disputed matter occurred; he appeared, bringing his original writing, made at the time by him, and I examined him fully as to the certainty of the signs used by him, the probability of a mistake in writing what occurred, and whether there could be any real difference in the reading by different persons; after being satisfied as to those matters, I heard the reporter read his original writing, myself reading the bill of exceptions as presented, and found the two to correspond exactly as to the disputed matter.

"I have known Mr. Burnham as a reporter for nearly two years, he has frequently taken testimony in cases before me, and I had and have full confidence in his capacity as a reporter, and his integrity as a man.

"After giving the matter the most careful consideration, I concluded the bill of exceptions as presented by the defendant was correct, and I therefore signed and sealed it, and of course refused to sign and seal the one copied into the attached writ when it was afterward presented to me. Attached hereto, and to be regarded as part of this return, will be found the affidavits of Robert Jones and George Gardner, the attorneys in said cause for the defendant, and that of Sherburne W. Burnham, the reporter above mentioned.

"Since the bill of exceptions, as presented by defendant's counsel, was signed by me, I have also examined the witness Wallbaum, who was out of the city at the time said bill was signed, and from his recollection of the questions and answers put to and made by him, the probability that the bill signed by me is correct, is to my mind much increased.

"I am still satisfied with the conclusion at which I arrived, and will not change the record in said cause, unless peremptorily ordered so to do by your honorable court."

"JOHN A. JAMESON,

"*Judge Superior Court of Chicago.*"

Several affidavits were presented touching the facts in dispute, which it is not necessary to notice.

Messrs. GARRISON & BLANCHARD, for the relator.

Messrs. ROBERT JONES and GEORGE GARDNER, for the respondent.

Per CURIAM: While we fully recognize the jurisdiction of this court to grant a writ of mandamus to compel a judge of an inferior court to sign a bill of exceptions, yet this is clearly not a case in which that jurisdiction can be properly invoked or exercised.

The return of the judge of the Superior Court states explicitly that he has already signed a bill of exceptions which he believes to contain a correct statement in relation to the disputed matter, and that the amended bill, which it is sought to compel him to sign and seal by this proceeding, does not state the facts as they occurred on the trial, and therefore he had refused to sign it.

We cannot look into the affidavits which have been presented, touching the facts in dispute, as it is the exclusive province of the judge to determine the correctness of a bill of exceptions which he is requested to sign. As was said in the case of *The People* v. *Pearson*, 2 Scam. 206, "the law makes him, and properly so, the judge of the propriety and accuracy of the act he is called on to solemnly verify the truth of, so that it shall become a part of the record in the cause · it is not for other parties to determine the truth."

This case is fully met by the case of *Bradstreet*, 4 Peters 102, in which Chief Justice MARSHALL says: "This is not a case in which a judge has refused to sign a bill of exceptions. The judge has signed such a bill as he thinks correct. If the court had granted a rule on the district judge to sign a bill of exceptions, the judge would have returned that he had performed that duty. But the object of the rule is to oblige the judge to sign a particular bill of exceptions, which has been offered to him. The court granted the rule to show cause, and

the judge has shown cause by saying, that he has done all that can be required from him ; and the bill offered to him is not such a bill 'as he can sign. Nothing is more manifest than that the court cannot order him to sign such a bill of exceptions. The person who offers a bill of exceptions, ought to present such a one as the judge can sign. The course to be pursued, is either to endeavor to draw up a bill, by agreement, which the judge can sign, or to prepare a bill to which there will be no objections, and present it to the judge."

This court, in *The People* v. *Pearson, supra,* cite that case approvingly, and proceed to say: " The principles, however, settled in this case, seem to be that a *mandamus* will be allowed to cause a judge to sign a bill of exceptions, but that the judge must determine its accuracy, and whether it correctly recites the points made and opinions excepted to ; that he must sign such a one as he believes to be correct, and none other ; that he cannot refuse to sign a bill altogether, but must sign one if required in a case where there has been exceptions taken, provided it is applied for at the proper time."

And the court further say : " In looking into the present case, it appears the judge has signed a bill of exceptions, but the party complains that he has not inserted certain portions of the deposition of the witness, which he excluded from being read on the trial, and to which order of the judge, excluding those portions, he took the exceptions." " Now, had the judge offered explanation of a satisfactory character why he could not sign the bill presented, with the excluded portion of the deposition, nothing would have been more certain than that this court would not compel him to sign a bill which he could not, in his judgment, properly do, in the correct and faithful discharge of his duties. Had he made a return to the writ and given this explanation, as in the case referred to in the Supreme Court of the United States, of Judge CONCKLIN, we should have said he had done all that can be required of him."

We fully approve the rule laid down in those cases, and must regard them as decisive of this application.

*Mandamus refused.*