WESLEY HOSPITAL, Appellant, *vs.* JOSEPH H. STRONG, Admr., Appellee.

*Opinion filed February 20, 1908—Rehearing denied April 8, 1908.*

1. COURTS—*amendment of a record after term cannot be based upon recollection.* To authorize a court to amend a record after the term so as to show that some omitted order had been made by the court, the fact that such order was made must be shown by some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or entry in some book required to be kept by law, or in the papers on file in the cause, and cannot be based upon recollection.

2. SAME—*the note or memorandum must have been made at the term.* The note or memorandum which may be made the basis of an amendment of the record after the term must have been made during the term it is claimed the alleged orders were made, and cannot consist of recitals in an appeal bond and bill of exceptions filed at a subsequent term stating that such orders were made.

3. SAME—*private memorandum made by attorney is not sufficient.* A note or memorandum made by an attorney in his private docket book cannot be made the basis of an amendment of the record by the court at a subsequent term, since the note or memorandum which will authorize such amendment must be one made by the judge or pursuant to a requirement of the judge or of the law.

4. SAME—*court cannot do indirectly what it has no power to do directly.* Where a court of equity denies the specific prayer of the

bill to have the record of a suit at law amended to show the entry of orders for an appeal, it is without power to decree that the proceedings in the former suit be perpetually enjoined unless the party in whose favor the judgment was entered shall stipulate that the judgment be vacated and a new judgment for like amount be entered, accompanied by proper orders for an appeal.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

This is an appeal by Wesley Hospital from a judgment of the Appellate Court for the First District reversing a decree obtained by it in the circuit court of Cook county against appellee and remanding the cause, with directions to dismiss the bill.

The bill alleges that on November 19, 1904, the circuit court of Cook county, Hon. Lockwood Honore presiding, after overruling a motion for a new trial and a motion in arrest of judgment, entered judgment for $2000 in favor of appellee, against appellant, upon a verdict for $5500 recovered in an action on the case for personal injuries to appellee's intestate, appellee having entered a *remittitur* of $3500; that appellant excepted to the judgment and prayed and was allowed an appeal to the Appellate Court for the First District on filing a bond in the sum of $3000 within thirty days and a bill of exceptions within sixty days; that on November 19, 1904, Judge Honore directed his minute clerk to enter the foregoing orders, and that the said clerk, by reason of negligence and misprision, failed and neglected to enter or record upon his docket or minute book the exception to the entry of judgment, the motion in arrest of judgment and the prayer for said appeal and its allowance, the fixing of said bond and the order in reference to the bill of exceptions; that within thirty days from the date of making said order, though after the term, appellant filed an

appeal bond approved by the attorneys for appellee and one of the judges of that court, and that within the time limited for filing a bill of exceptions, but after the term, appellant prepared and submitted to the attorneys for appellee a bill of exceptions, and after certain changes were made therein said attorney assented to the same in open court and it was signed by Judge Honore and filed with the clerk.

The bill further alleges that the clerk of said court completed a transcript of the record on February 18, 1905, and on that day notified the attorney for appellant that the order relating to the appeal, the bond and bill of exceptions had not been recorded; that appellant saw the minute clerk in reference to his minute book, and after a few days appellant was notified by said clerk that he could not correct the mistake or defect in the records until he had an order to do so from Judge Honore; that after notice was given to the attorneys for the appellee, appellant appeared before Judge Honore on February 28, 1905, and then for the first time ascertained that the minute clerk had not entered upon his minute book the order, as he had been directed to do by said judge, and had entered no order noting the exceptions to the entry of said judgment, or allowing the appeal as prayed, or fixing the appeal bond, or the time for filing said bond or bill of exceptions; that appellant then moved the court that the order be entered then as of November 19, 1904, which was denied by the court on March 6, 1905, on the ground that, the term having passed, the court was without authority to make the order, to which ruling appellant excepted and prayed an appeal to the said Appellate Court, which was allowed on his filing a bond in the sum of $250.

The bill alleges further that through the fault, carelessness and misprision of said clerk appellant has been deprived of its right to perfect its appeal from the original judgment and from having said judgment reviewed by a higher court; that neither appellant nor its attorneys have been guilty of any fault or neglect in and about the premises, but that the

loss of the right to appeal was caused wholly by the fault of said clerk, and that it has a good defense to the cause of action set up in the declaration filed in said original suit wherein the said judgment of $2000 was entered.

Appellee and John A. Linn, clerk of the circuit court of Cook county, were made parties defendant. The bill prays that an order be entered directing the clerk of said court to amend and correct the records of said court in said cause in accordance with the facts as therein stated, and in accordance with the directions and order of said Judge Lockwood Honore, as of the 19th day of November, 1904; that appellee may be restrained from prosecuting said suit or from issuing execution on said judgment, and from taking any other steps or proceedings in said cause until the rights and interests of appellant in the foregoing matters should be finally determined. The bill was verified.

A demurrer interposed to the bill by Linn was sustained and the bill dismissed as to him.

The answer of appellee avers, among other things, that complainant has an adequate and complete remedy at law, and that by virtue of the order of February 28, 1905, and of March 6, 1905, the correctness of the order of November 19, and the right of the appellant to have the record amended, as prayed in the bill, are *res judicata;* denies that appellant has a good defense to the cause of action set out in the declaration, and avers that by virtue of said judgment it is estopped from making said claim.

On May 8, 1905, the court entered an order temporarily enjoining appellee from attempting to collect the judgment for $2000 and costs until the hearing on the bill.

On July 1, 1905, appellant, upon leave of court, filed a supplemental bill, alleging that in March, 1905, complainant filed the original bill, which was still pending, and that appellee filed an answer thereto; that since the filing of said bill appellee has caused an execution on said judgment to be issued and placed in the hands of the sheriff, and that

thereafter, on May 8, 1905, the injunction order was entered; that on June 19, 1905, the court overruled the motion of appellee to dissolve said injunction and the same is in full force and effect; that in the case at law mentioned in the original bill an appeal bond in the sum of $3000 was filed, as set out in the bill, and that James B. Hobbs signed the said bond as surety; that appellant was unable to prosecute said appeal owing to the mistake and negligence of the clerk, as heretofore set out, and that Hobbs has no interest in said judgment or litigation, and if required to pay the amount mentioned in said bond it will nullify the injunction heretofore issued and settle the judgment mentioned in the original bill; that the attorneys for the appellee have given written notice to Hobbs that unless he pays the amount due under said judgment by June 26, 1905, they will institute proceedings against him on said bond; that appellant is solvent and able to pay the judgment in case it is held by the court to be liable therefor; prays for an order restraining appellee from prosecuting a suit on said bond until the cause shall finally be determined by the court. On the same day an order was entered by the court enlarging the scope of the temporary injunction as prayed by the supplemental bill. Appellee answered the supplemental bill.

Replication having been filed, the matter was heard before the chancellor in open court, and on July 30, 1906, a decree was entered finding the facts to be as set out in the bill, and that an injunction had been issued restraining appellee from prosecuting said judgment and from enforcing the execution issued thereon, and from taking any steps to collect said judgment under any execution or otherwise, and it was ordered and decreed that said injunction should be continued in full force and effect unless appellee or his successor should file with the clerk of the court in the suit at law his written consent that the judgment order entered on November 19, 1904, should be vacated and another judgment of like amount be entered in lieu thereof, with orders

allowing an appeal and fixing time for bond and bill of exceptions, and in that event said injunction should be dissolved *ipso facto,* otherwise it should be made perpetual. The Appellate Court for the First District, upon reversing that decree, remanded the cause and directed the circuit court to dismiss the bill for want of equity.

Upon the hearing it appeared from the testimony of the attorney who tried the personal injury case for appellant that the orders in question were actually made by Judge Honore. It also appeared, however, that neither Judge Honore nor his minute clerk had any memory of any such orders having been made, and counsel for appellee in the personal injury case denied having remembrance of any such orders. Appellant contends that the Appellate Court should have affirmed the decree of the circuit court.

HORTON, BROWN & MILLER, for appellant.

CANNON & POAGE, (JOHN B. HEINEMANN, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant contends that upon judgment being rendered against it in the personal injury suit it was allowed an appeal, and was given thirty days in which to file an appeal bond and sixty days in which to file a bill of exceptions, but that by misprision of the clerk, not discovered until after adjournment for the term, none of the orders following the rendition of the judgment were entered of record, and this bill was filed to have the record in the suit at law amended so that it would accord with the facts. The appellee contends that if appellant is entitled to relief of any character it has an adequate remedy at law, and urges that for various other reasons the decree of the circuit court is erroneous.

Waiving all other questions, we are satisfied that the Appellate Court was correct in directing a dismissal of the bill, for the reason that the evidence that the court allowed an appeal and fixed the time within which the bond and bill of exceptions could be filed is not of the character that would warrant an amendment of the record after the term. The fact that a particular order has been made by the court at a previous term, if it is not of record, can only be shown "by the production of some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers on file in the cause. It cannot be determined from the memory of witnesses or by the recollection of the judge himself." *Tynan* v. *Weinhard*, 153 Ill. 598; *Gebbie* v. *Mooney*, 121 id. 255; *People* v. *Anthony*, 129 id. 218; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh*, 150 id. 607; *Culver* v. *Cougle*, 165 id. 417; *Tosetti Brewing Co.* v. *Koehler*, 200 id. 369.

In the personal injury case, after the final judgment had been entered and there had been an adjournment for the term, an appeal bond and a bill of exceptions were filed, and it appears from the recitals contained in those documents that an appeal was prayed and allowed and a time fixed for filing bond and bill of exceptions. It is manifest that a note or memorandum which would authorize the amendment of the record made at a previous term must be a note or memorandum which was made during that term, otherwise the rule would amount to nothing. For this reason the recitals in the appeal bond and the bill of exceptions are without significance.

Counsel for appellant in the personal injury suit, who does not appear in this court, testified that when the appeal was allowed and time fixed for the bond and bill of exceptions he made a written memorandum upon a private docket or calendar kept by him showing the entry of the orders, and it is said that as he was an officer of the court this was

sufficient to warrant an amendment of the record. No authority is cited in support of this proposition. The record of the court imports absolute verity, and a note or memorandum which would authorize its amendment after the adjournment of the term must necessarily have been a note or memorandum which can be said to have been made by the judge or pursuant to a requirement of the judge or of the law. A private memorandum made by one of the attorneys in the case, for his personal use, does not satisfy the requirements of the law.

Appellant urges upon our attention the cases of *Wight* v. *Nicholson,* 134 U. S. 136, and *Michigan Ins. Bank* v. *Eldredge,* 143 id. 293, which deal with this question. The law is so well settled in this State and the rule above repeated has been so long and so universally followed that we would not be warranted by decisions in another jurisdiction in departing therefrom. The circuit court evidently recognized the law of this State to be as we have above stated. That court disregarded the specific prayer of the bill, which was that the record of the court be made to show the allowance of the prayer for appeal and the order fixing the time in which to file a bond and bill of exceptions, and under the prayer for general relief decreed that the temporary injunction should be continued in force unless the plaintiff in the personal injury suit should enter into a stipulation consenting that the judgment in the personal injury case should be vacated and another judgment entered for a like amount, accompanied by an order allowing an appeal and fixing the time within which a bond and bill of exceptions could be filed. Such a decree cannot be sustained. It merely does indirectly that which under the evidence could not be done directly.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*