THE PEOPLE *ex rel.* Paul P. Pirola, Petitioner, *vs.* JOHN H. LYLE, Judge, Respondent.

*Opinion filed February 24, 1928—Rehearing denied April 10, 1928.*

1. BILLS OF EXCEPTIONS—*court may be compelled to sign bill of exceptions, if true.* Where a bill of exceptions is presented in the required time as extended by an order of the court, it is the duty of the court to sign the bill, if true, and this duty may be enforced by a writ of *mandamus.*

2. PRACTICE—*action of court can be shown only by clerk's record.* The action of the trial court can be shown only by the record kept by the clerk, and this record cannot be impeached by the clerk himself, by the recollection of the judge or his want of recollection, or by any other evidence.

3. SAME—*when record of order extending time to file bill of exceptions cannot be amended.* The record of an order extending the time to file a bill of exceptions cannot be amended in the municipal court of Chicago on the ground that it does not correspond with the agreement of counsel for such extended time, where no motion is made for the purpose under section 21 of the Municipal Court act and where the effect of the amendment would be to so shorten the time for presenting the bill of exceptions that the party appealing, who presented his bill of exceptions in the time allowed by the order, would be deprived of his appeal.

4. SAME—*formal or clerical errors, only, may be corrected after term.* During the term, and while a cause is pending and parties are before the court, the court has control over the record and proceedings and has jurisdiction over its judgments and final orders and may amend them or set them aside for cause, but after the term the power of amending is confined to clerical errors and matters of mere form, and these may, upon notice to parties in interest and saving of intervening rights, be corrected so as to make the record conform to the facts.

5. MANDAMUS—*what is not sufficient answer to petition to compel signing of a bill of exceptions.* An answer to a petition for *mandamus* should not be in mere general terms without alleging specifically the facts relied upon; and it is not a sufficient answer to a petition for *mandamus* to compel the signing of a bill of exceptions for the respondent merely to state that the bill did not

contain a true and correct transcript of all proceedings without stating what proceedings were omitted, or that it did not contain all the evidence without suggesting with reasonable certainty the evidence omitted.

ORIGINAL petition for *mandamus.*

GALLAGHER, SHULMAN, ABRAMS & HENRY, (MEYER ABRAMS, of counsel,) for petitioner.

HARRY S. GREENSTEIN, and WILLIAM J. BULOW, (GEORGE M. BAGBY, of counsel,) for respondent.

Mr. JUSTICE DUNN delivered the opinion of the court:

This case is an original proceeding in this court for a writ of *mandamus* requiring John H. Lyle, a judge of the municipal court of Chicago, to sign a bill of exceptions in a case tried before him in which Harry F. Hennegan and William F. Hertzog were plaintiffs and Paul P. Pirola, the relator, was defendant. The respondent filed an answer, to which the petitioner demurred.

The case of Hennegan *et al. vs.* Pirola was tried by a jury, which returned a verdict, under the peremptory instruction of the respondent, against the relator for $290.08, upon which judgment was entered on March 29, 1927. The relator prayed an appeal, which was allowed upon his filing a bond in the sum of $500 and a bill of exceptions within sixty days. The bond was filed within the time limited, and on May 20, 1927, the parties made a written agreement that the time for the defendant to file his bill of exceptions be extended thirty days from date. On May 23 the following order was entered in the case: "By stipulation, time to file bill of exceptions extended thirty days from to-day." The bill of exceptions was presented to the respondent on June 21 and marked presented on that day, which was within the time limited by this order. In neither answer nor

brief has the respondent mentioned any particular in which the bill of exceptions so presented to him was defective or incorrect. On August 19 the relator appeared before the respondent for the purpose of having the bill of exceptions signed, but counsel for the plaintiff in the judgment objected that the municipal court had no authority to extend the time for filing a bill of exceptions after thirty days from the date of the judgment, and the bill was not signed. On August 25 the relator again appeared before the respondent, and the counsel for the plaintiff in the judgment moved the court to correct the order of May 23, and thereupon the court entered an order in the case, over the objection of petitioner, "that the order of May 23, 1927, extending the time for filing bill of exceptions thirty days from date, be corrected and amended so as to read, 'Time for filing the bill of exceptions extended thirty days from May 20, 1927,'" and refused to sign the bill of exceptions.

In his brief the respondent states that in his view the sole question involved is whether the time allowed within which to present the bill of exceptions had expired at the time it was presented to him to sign. There can be only one answer to that question. The order of May 23 extended the time to June 22 and the bill was presented on June 21. It was therefore the duty of the respondent to sign the bill, and this duty was one which may be enforced by a writ of mandamus. *People* v. *Pearson,* 2 Scam. 189; *People* v. *Jameson,* 40 Ill. 93; *Hawes* v. *People,* 129 id. 123.

The answer set out the stipulation for the extension of time, and continued: "It was informally presented to the clerk of the court, (and without any recollection by the respondent that it was ever called to his attention,) who thereupon, evidently without noticing that the stipulation provided thirty days from date of the stipulation, May 20, entered up an order as follows: 'By stipulation, time to file bill of exceptions extended thirty days from to-day,' which order was written by the clerk and entered as of

May 23, 1927." The action of the court can be shown only by the record kept by the clerk. This record cannot be impeached by the clerk himself, by the recollection of the judge, or his want of recollection as alleged in this case, or by any other evidence. It is not stated, however, that the court did not make the order but only that the respondent is without any recollection, and this, even if it could be considered, would not even tend to show that he did not make the order. He had the power to make the order without any stipulation and to grant a longer or shorter extension than was stipulated. The record stands as the record of the court made on May 23, and by section 21 of the Municipal Court act was subject to be vacated, set aside or modified only upon motion for that purpose made within thirty days, and no such motion was made.

The rule is well established that courts, while a cause is pending and parties are before them, have control over the record and proceedings in the cause and have jurisdiction over their judgments and final orders of a pending term and may amend or set them aside for cause, but after the term the power of amending is confined to clerical errors and matters of mere form, and these may, upon notice to parties in interest and saving of intervening rights, be corrected so as to make the record conform to the fact. (*Adams* v. *Gill,* 158 Ill. 190; *Goucher* v. *Patterson,* 94 id. 525; *Dunham* v. *South Park Comrs.* 87 id. 185; *Cairo and St. Louis Railroad Co.* v. *Holbrook,* 72 id. 419; *Lill* v. *Stookey,* id. 495.) Under section 21 of the Municipal Court act that court has the same power over its records for thirty days after the entering of an order as the circuit court during a term, and after that time has no different power to vacate, set aside or modify its judgments, orders or decrees from that of the circuit court after the expiration of a term. The amendment made was not of a clerical error or a matter of mere form. The amendment made a substantial change in the order, which, if given effect, takes

three days from the time allowed the relator for filing his bill of exceptions and will effectually prevent his obtaining any benefit from his appeal.

The relator had the clear legal right which is essential to the remedy by *mandamus* to have the void order disregarded and the duty of the respondent to sign the bill of exceptions performed. He had repeatedly requested the respondent to sign the bill, without which he could not secure a review of the alleged errors in the record, and his appeal must fail unless the void order is disregarded. The respondent cannot be compelled to sign a bill of exceptions which is untrue, (*Hooper* v. *Rooney,* 293 Ill. 370,) but no objection on that ground was made when he was asked to sign the bill or is made now. The answer states: "Respondent did not ever state that the bill of exceptions contained the entire record of the proceedings in this case. On the other hand, respondent denies the bill of exceptions is a true and correct transcript of all proceedings and all hearings or appearances of the parties (especially at least three different attorneys who came in formally and informally) in connection with the trial of the said case, and that he could not certify that it is a true, full and correct transcript of all proceedings." This is not a statement that the bill of exceptions is not true in all material particulars. The rights of the parties and the correctness of the judgment are not affected by the fact, if such is the fact, that the defendant was represented by one or three or more attorneys, formally or informally, in connection with the trial. It would not be a sufficient answer for the respondent merely to state that the bill of exceptions did not contain a true and correct transcript of all proceedings without stating what proceedings were omitted, or that it did not contain all the evidence without suggesting with reasonable certainty the evidence omitted.

In *People* v. *Salomon,* 54 Ill. 39, the respondent, in attempting to purge himself of an attempted contempt in

failing to obey the command of a peremptory writ of *mandamus* directing him to extend the taxes on the collectors' books in Cook county according to an increased valuation fixed by the State Board of Equalization, stated that he had delivered the books to the tax collectors and could not re-possess himself of them for the purpose of extending the additional tax. The court stated in the opinion that this return was open to serious objections, the first being that the facts existed at the time the alternative writ issued and should have been embodied in the return to that writ in order that the court might have disposed of the case on a full knowledge of all the facts and have so shaped its proceedings as to suit the emergencies of the case as it then actually stood. This same doctrine applies to every answer to a petition for *mandamus*. The answer should not be in mere general terms without alleging specifically the facts relied upon, as where the alternative writ is directed to a municipal corporation commanding the corporate authorities to restore an officer whom they have removed, it is not sufficient for the respondent to allege generally that the relator has obstinately and voluntarily refused obedience to the orders and regulations made by the municipal authorities, contrary to the duties of his office. Such a return is too general to constitute a justification for the removal, and the particular regulation which has been violated should be set forth. (High on Ex. Legal Rem. sec. 467.)

The answer contains allegations concerning the dilatory tactics used by the relator in the case against him, the securing of several continuances, and the consequent delay and inconvenience to his opponent, but we have given them no consideration. They have no relation to the question in this case, which is the effect of the order of May 23, 1927.

The demurrer is sustained and the writ of *mandamus* awarded.                                    *Writ awarded.*