Elfred Jordan, Appellant, v. Henry Mehl et al., Appellees.

Gen. No. 43,233.

306

Opinion filed December 11, 1944. Released for publication December 27, 1944.

ALFRED F. BECK, of Chicago, for appellant.

MOODY & SCHULTZ, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

June 5, 1944, plaintiff filed his second amended complaint in chancery praying that a judgment against him entered in a forcible detainer suit by a Justice of the Peace be declared void and the enforcement of it enjoined. June 26, 1944, a decree was entered which recites that on motion of the attorney for defendant, Mehl, to dismiss the suit, the motion was allowed and the suit dismissed for want of equity. Plaintiff appeals.

It is alleged in the second amended complaint that on October 8, 1943, defendant, Henry Mehl, brought a

forcible detainer action before defendant, Nix, a Justice of the Peace of Cook county, against plaintiff, Elfred Jordan, to recover possession of the first apartment at 417 South Oak Park avenue, in the Village of Oak Park. Summons was issued returnable at 4 o'clock in the afternoon of October 14, 1943. On the day before the summons was returnable, viz., October 13, 1943, Jordan, the tenant, went before Justice Nix "at his office at 7767 Lake Street, River Forest" and demanded a change of venue. That he executed the requisite affidavit prepared by the justice and filed it with him. The justice thereupon granted the change of venue and stated that the case would be heard before Justice Marquadt on October 22, 1943, at 3 o'clock in the afternoon at the office of the justice in Forest Park and that all parties should meet at the office of Justice Nix and go over to Justice Marquadt's office for trial on October 22, 1943. At the time Jordan paid the justice one dollar for costs in granting the change of venue.

It is further alleged that on October 22, shortly before 3 o'clock in the afternoon, the parties and their attorneys met at the office of Justice Nix preparatory to going to trial before Justice Marquadt. That the landlord, Mehl, declined to go to trial and accepted $70 from Jordan, being the rent for the premises for the month of October, 1943, which Mehl had theretofore refused to accept. That Mehl further promised to accept $70 a month thereafter as rent for the premises until April 30, 1944. That no trial was had before either justice. That about May 1, 1944, plaintiff was served by defendant Constable Brasie, with a writ of restitution issued by Justice Nix on the judgment entered in the forcible detainer action; that this was the first time Jordan had any notice that a judgment for possession was claimed to have been entered; that on or about May 11, 1944, the justice, upon request, gave Jordan's counsel a transcript of the record entered in

the forcible detainer case. That on May 24, 1944, Mehl filed his motion to strike the original complaint to which was attached a purported copy of the judgment certified to by Justice Nix in the forcible detainer case. That afterward the justice refused to permit Jordan's attorney to see his docket and it is alleged that Jordan believes no judgment was entered; and that the justice lost jurisdiction when he granted the change of venue. That plaintiff and his family reside in the apartment and he is president and controls the Jordan Company, which is engaged in the manufacture of chemicals which are used in the war effort. That the constable, at the direction of Mehl, threatened to eject plaintiff and his family from the premises and that he and his family are unable to find another suitable habitation.

Plaintiff, Jordan, further alleges that he has a good defense on the merits to Mehl's claim for possession in that he occupied the premises under a lease with the former owner of the property from May 1, 1942, to April 30, 1943, at a rental of $80 per month for the apartment and one garage stall; that by the regulations of the office of the O. P. A. under the Emergency Price Control Act of 1942, the monthly rental for the apartment was reduced from $80 to $70 per month from July 1, 1942, at which date the rent was frozen at $70 per month and thereafter Jordan paid $70 per month to the former owner until April 30, 1943, at which time Mehl acquired title to the property and refused to renew plaintiff's lease; that about June 12, 1943, Mehl and his wife submitted a written lease to plaintiff for the apartment in question covering a period from July 1, 1943, to April 30, 1944, at a rental of $80 per month in direct violation of the regulations of the O. P. A.; that Jordan immediately signed and returned the lease to Mehl and retained a duplicate of it signed by Mehl and his wife, as landlords; that notwithstanding this fact, Mehl, about July 24, 1943, served a 60 day written notice on Jordan attempting

to terminate the lease and demanding possession on September 30, 1943, in which notice it was stated that Jordan had refused to execute the written lease and that the forcible detainer action was predicated on such written notice; that since that time the rent had been paid monthly at $70 a month, as above mentioned. It is further alleged that Mehl violated the rules of the O. P. A. in that he neglected to furnish substantially the same service as that which had been rendered prior to March 1, 1942, in that he had discontinued janitor and other services mentioned. Attached to and made a part of the second amended complaint as exhibits are the writ of restitution and two certified copies of the docket of the Justice of the Peace, one dated May 11 and the other May 19, 1944, and a letter from the Justice of the Peace to Jordan dated June 2, 1944.

Defendant, Mehl, filed his motion to dismiss to which a verified petition filed by Jordan was attached as an exhibit, petitioning the Justice of the Peace to satisfy the judgment for possession, which the petition states was entered October 22, 1943. Jordan filed objections to the motion.

There appears in the record, an answer to the second amended complaint filed June 24, 1944, by Justice Nix, in which he says that on October 22, 1943, both parties with their counsel, appeared before him, defendant having two witnesses ready to go to trial before Justice Marquadt, before whom the change of venue had been granted; that at the suggestion of counsel for Mehl the parties conferred and came to an agreement as a result of which Jordan tendered $70 for the October rent, which was accepted by Mehl, and it was further agreed that Jordan might occupy the premises until April 30, 1944, at a rental of $70 per month; that "I entered judgment for possession and stayed the writ until April 30th, 1944, . . . I have since entered satisfaction of said judgment on the ground that the

agreement created a new tenancy satisfying the former claim."

Counsel for defendants say this answer was filed without leave of court and was not brought to the attention of the chancellor when the hearing was had on Mehl's motion to dismiss the complaint.

Counsel for plaintiff contends that no valid judgment was entered by the justice and that he attempted to amend his record but the amendment was unauthorized and ineffective; that there was a change of venue granted by Justice Nix, which prevented him from entering any orders thereafter. We are unable to agree with these contentions. The most that can be said is that Jordan appeared before the justice the day before the summons was returnable, filed the affidavit for a change of venue, paid the justice the costs of one dollar, the justice said the change of venue was granted, and the case would be heard before Justice Marquadt on October 22, at which time the parties should appear before Justice Nix and then go before Justice Marquadt. The record further shows that the parties met at Justice Nix's office and there entered into an agreement so that it was unnecessary to have the change of venue entered of record and the papers and documents delivered to Justice Marquadt.

We hold there was no change of venue. We are further of opinion that the transcripts certified to by Justice Nix on May 11 and May 19 are to the effect that a judgment for possession had been entered by him and the writ of restitution stayed until April 30, 1944.

Par. 68, ch. 79, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 71.064], provides that a justice of the peace before the commencement of the trial may continue the cause not exceeding 30 days at any one time. We find no provision for the staying of the execution of a judgment entered by a justice of the peace, except that such writ will not be issued to enforce a judgment for 20

days unless an affidavit is filed, etc. And in case a judgment is entered in a forcible detainer case, writ of restitution shall not be issued for a period of 5 days. Par. 19, ch. 57, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 109.279].

In the instant case we find no authority authorizing the stay of the writ of restitution, as was attempted to be done for a period of 6 months, but in any event, we are of opinion that when the judgment was entered in the forcible detainer case by the Justice of the Peace and it was agreed that Jordan might continue to occupy the apartment upon the payment of $70 a month until April 30, 1944, this created a new tenancy which could not be terminated without further action on the part of the landlord.

Since we have reached the conclusion that the decree dismissing the suit must be reversed and the cause remanded, we refrain from discussing whether the rules of the O. P. A. and the act of Congress were violated; and for the further reason that neither the provisions of the O. P. A. nor of the statute, which it is claimed were violated, have been pointed out in a way by counsel. These matters can be gone into when the case is tried on its merits.

The decree of the Superior court of Cook county is reversed and the cause remanded with directions to overrule the motion to dismiss and for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and MATCHETT, J., concur.