*Appeal dismissed.*

KILEY and LEWE, JJ., concur.

## Antonio Di Paola, Appellee, v. John Seppala, Appellant.

### Gen. No. 44,511.

Opinion filed January 26, 1949.   Released for publication February 15, 1949.

EUGENE R. WARD, of Chicago, for appellant.

JACK DEMICHAELS, of Chicago, for appellee; IRVING GOODMAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Antonio Di Paola filed an action in forcible detainer in the municipal court of Chicago against John Seppala to recover possession of the six room apartment on the first floor of the building at 3817 North Wilton avenue, Chicago. A trial before the court without a jury resulted in a judgment of restitution. The judgment order also said: ''It is further ordered by the court that the writ of restitution herein be and the same is hereby stayed for ninety (90) days. Leave plaintiff accept rent for use and occupancy for the period writ of restitution is stayed, without prejudice.'' Defendant appealed.

The parties stipulate that plaintiff introduced evidence that he was living with his wife, his son, his daughter and her husband and their minor child, and another daughter and her husband, a total of eight people in one apartment; that he needed the space for himself and his family; that in July 1945, after he purchased the property, he told defendant that he, plaintiff, would have to have defendant's first floor apartment for his own use; that defendant assured him he was aware of the situation; that defendant was buying a place and would soon move; that defendant repeatedly assured plaintiff that he was going to vacate; that defendant's apartment was occupied by three persons, namely, defendant, his wife and their son; that plaintiff repeatedly told defendant that he had to have the apartment because the apartment occupied by plaintiff was inadequate and insufficient for himself and the other members of his family; and that he needed defendant's apartment for his own personal use.

Defendant argues that plaintiff, who lives in one apartment, cannot recover possession of another apartment in the same building; that under the law in effect at the time the suit was filed, no action to re-

cover possession of any controlled housing accommodation with respect to which a maximum rent was in effect could be maintained by a landlord against a tenant, notwithstanding the fact that the tenant had no lease or that his lease had expired, so long as the tenant continued to pay the rent to which the landlord was entitled, unless "the landlord seeks in good faith to recover possession of such housing for his immediate and personal use and occupancy as housing accommodations"; that Congress did not intend that a landlord could obtain housing accommodations for members of his family either directly or through the use of any subterfuge; that the Act clearly states that the housing must be for his immediate and personal use; and that plaintiff now lives in one apartment in the building with his wife, a son, two married daughters and their husbands.

▮▮▮ Plaintiff was required to show that he sought in good faith to recover the possession of defendant's apartment for his, plaintiff's, immediate and personal use and occupancy as housing accommodations. He showed that eight people were living in the same size apartment that defendant's family of three was occupying. Defendant made no attempt to contradict plaintiff's testimony that his quarters were inadequate and insufficient. In *Bloom v. Babbitt,* reported in abstract form in 335 Ill. App. 224, the court said:

"Defendant introduced no evidence whatsoever challenging plaintiff's good faith, but merely argues in his brief that the 'conveyance was made to circumvent the existing rent regulations, were a mere sham and given to place plaintiff in a position where she could attempt to evict defendant from the premises on the ground that she was the owner thereof.' In the absence of any evidence to support this contention, plaintiff made a clear case under the statute and within recent decisions on the subject."

In *Nofree v. Leonard*, 327 Ill. App. 143, this court said that the term "good faith" as used in the rent regulations can only be reasonably construed as meaning an honest desire by the owner of housing accommodations to recover possession thereof for immediate use and occupancy as a dwelling for himself, and that the owner legitimately requires the housing accommodations to live in. The finding of the trial court in a case tried without a jury should not be disturbed by us unless manifestly against the weight of the evidence. In view of the uncontradicted evidence supporting plaintiff's position, we are unable to say that the finding of the court on the issue of good faith is against the manifest weight of the evidence.

Defendant also maintains that "the order entered by the trial court staying the writ of restitution for 90 days became void upon the acceptance of rent subsequent to the entry of the judgment." Plaintiff asserts that as the staying of the writ of restitution was for the benefit of the defendant he cannot complain of such benefit. We are not called upon to discuss this proposition. Defendant's appeal is from the judgment of restitution. What occurred subsequently does not appear in the record and is not embraced in the appeal.

After the judgment of restitution the parties may, if they choose, again enter into the relationship of landlord and tenant. Where it is sought to evict a tenant under a writ of restitution and he maintains that the writ cannot be enforced because a new tenancy arose subsequent to the entry of the judgment, the proposition should not be raised by a motion or petition under sec. 21 of the Municipal Court Act (Municipal Court Rule 69) or sec. 72 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 196; Jones Ill. Stats. Ann. 104.072]. Such motion or petition contemplates correction of an error in the entry of the judgment, whereas a motion based on a tenancy arising subse-

quent to the entry of the judgment does not attack the judgment but its enforcement. We suggest that in such a situation a defendant may, in a proper case, obtain relief by filing a petition in the nature of a writ of *audita querela*. This is a common-law writ to afford relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment, and is in the nature of a new case. See discussion of Audita Querela, 7 C. J. S., p. 1278.

For the reasons stated, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

KILEY and LEWE, JJ., concur.