City of Chicago, Appellee, v. John Evon, Appellant.
Gen. No. 44,655.

Opinion filed January 24, 1950. Released for publication March 9, 1950.

COGHLAN & COGHLAN, of Chicago, for appellant; JOHN P. COGHLAN, of Chicago, of counsel.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, for appellee; L. LOUIS KARTON, Head of Appeals and Review Division, and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

A complaint was filed in the municipal court July 17, 1948, charging the defendant John Evon with disorderly conduct in violation of the provisions of chapter 193, section 1, subsection 7, of the Municipal Code. On July 23, 1948, he was found guilty, as charged, and fined $100 and costs. On appeal from that order the original record filed in this court on October 7, 1948 set out the following orders: July 19, 1948, "Motion City postponed and set for trial July 20th, 1948"; July 20, 1948, "Order Court postponed and set *for trial* July 23rd, 1948." On July 23, John P. Coghlan entered Evon's appearance as defendant, and his own appearance as defendant's counsel, and according to the order of the court entered that same day, defendant elected "to waive a trial by jury, and this cause is, by agreement in open Court between the parties hereto, submitted to the Court *for trial* without a jury." (Italics ours.)

On February 3, 1949, six months after term and four months after the record on appeal was filed in this court, the city filed a motion in the municipal court entitled "Motion to Correct Record," supported by the affidavit of the attorney for the complaining witness, asking that the record be corrected "to speak

581

the truth'' and show that defendant was tried on July 20, and that the cause was on that day continued to July 23 for decision. To this motion defendant filed his special appearance, challenging the jurisdiction of the court because of the lapse of time. The motion, however, was allowed, and an order entered amending the record *nunc pro tunc* as of July 20, 1948 to read as follows: ''defendant waives jury trial, trial by Court, evidence heard, Court takes cause under advisement, and cause continued to July 23, 1948 for decision.''

Subsequently, on March 11, 1949, we allowed the city's motion to file instanter its additional record, by means of which it sought to show that defendant was tried in the municipal court on July 20 instead of July 23, contrary to the notations on the half-sheet of the municipal court, whereon the proceedings of that court are recorded.

On the hearing February 3, 1949 in the municipal court of the city's motion to correct the record, the city presented the affidavit of the counsel representing the complainant, and through colloquy of counsel and court it sought to show that a hearing had been had on July 20; and to further support that contention a so-called minute, appearing not on the clerk's half-sheet but on the reverse side of the complaint, was presented. It read as follows: ''7/20/48 Dft. waives Jury—Trial by Court—Evidence heard. Proofs closed. Ct. takes case under advisement. Cont. to 7/23/48 for decision.'' There is no proof as to the authorship of this minute, nor is there any claim that the notation was made by the clerk. It was not relied upon as a court record, nor is it claimed that it was entered simultaneously with the order of court. If that had been the order of the court entered on July 20, there is no plausible explanation to show why the notation was not made on the half-sheet where all court proceed-

582

ings are recorded. That it was not the clerk's memo-
randum and was not relied upon by him as part of
his records, is clearly indicated by the fact that on
October 5, 1948, the date on which the original record
for appeal was prepared, the so-called minute or
memorandum was entirely ignored and the record cer-
tified to this court shows that the order of July 20,
1948 merely recorded that the cause was postponed and
set *for trial* July 23, 1948. The minute or memorandum
appearing on the back of the complaint became a part
of the record only on February 3, 1949, when the
motion was made by the city to correct the record "to
speak the truth." The record itself rebuts the con-
tents of the memorandum on the back of the complaint
that defendant waived trial by jury, that evidence was
heard or proofs closed on July 20, 1948.

 The question presented for decision is whether
the municipal court had jurisdiction many months
after term to enter an order *nunc pro tunc* as of
July 20, 1948 to correct the record. The rule is well
settled that after term the power of amending the
record is confined to clerical errors and matters of
mere form, and these may, upon notice to parties in
interest, be corrected so as to make the record conform
to the facts (*People v. Lyle,* 329 Ill. 418); but the
rule is equally well settled that "the fact that a par-
ticular order has been made by the court at a previous
term, if it is not of record, can only be shown 'by the
production of some note or memorandum from the rec-
ords or *quasi* records of the court, or by the judge's
minutes, or some entry in some book required to be
kept by law, or in the papers on file in the cause. It
cannot be determined from the memory of witnesses
or by the recollection of the judge himself.' " *Wesley
Hospital v. Strong,* 233 Ill. 153. In *Chicago, B. & Q. R.
Co. v. Wingler,* 165 Ill. 634, it was held that "it is well
settled that a court has no right to enter a judgment

*nunc pro tunc* at a subsequent term unless the judgment was in fact rendered at the previous term, and was not entered of record through some fault, neglect or oversight; and in such case the fact that the court did give judgment at the previous term can only be proved by some memorial paper or minute in the case made at such former term. The judgments and records of courts cannot rest in parol or upon so uncertain a foundation as the personal recollection of the judge or any other person, and the fact that a judgment was rendered at a former term cannot be determined from the memory of witnesses or the personal recollection of the judge himself. Where there is no minute or memorial paper in the records of the court to show that judgment was in fact pronounced it cannot be so entered." To the same effect see *Dougherty v. People,* 118 Ill. 160, *Adams v. Gill,* 158 Ill. 190, and *People v. Miller,* 365 Ill. 56. The correction of the record sought in this proceeding goes beyond clerical errors or matters of mere form. The amendment sought would effect a substantial change in the order because if plaintiff had actually been tried on July 20 there is nothing of record to show that he waived a jury on that date, that he submitted his cause to the court for decision, or that he had a trial of any kind. To allow court records to be changed in the manner proposed would have far-reaching consequences, and the courts of this State have consistently held that this may not be done. The only office of a *nunc pro tunc* order is to give effect to orders concededly entered. A court cannot, under the guise of correcting its record, put upon it an order or judgment which never in fact had been made or entered.

Accordingly, the judgment of the municipal court is reversed.

*Judgment reversed.*

Scanlan and Sullivan, JJ., concur.