Mary Parradee, Appellee, v. Leo Blinski, Appellant.

Gen. No. 45,285.

Opinion filed January 16, 1951. Released for publication February 16, 1951.

Cohon & Goldstein, of Chicago, for appellant.

Alvin Edelman and Harold W. Wilke, both of Chicago, for appellee; Alvin Edelman, of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is a suit for forcible entry and detainer, a statutory action created to provide a simple and expeditious remedy for the determination of the right of a landlord to possession. It was filed July 1, 1949 and came to trial July 28, 1949, whereupon, pursuant to an agreement between the parties, the court entered judgment for possession but stayed the issuance of a writ of restitution until December 31, 1949. From the many rent cases that have come before us, we take notice that this practice of staying the writ is common in the municipal court. It grew out of humane consideration for the needs of those who, in these times of housing shortage, would be without habitation if restitution were ordered immediately. The premises in question, however, were used for the purpose of a gas station. Fifteen days before the expiration of the stay, defendant filed a petition in the nature of a writ of audita querela. The petition alleged that the agreement to pay for use and occupancy constituted a new lease, even though the order of July 28, 1949, specifically stated that the acceptance of the money should not be construed as creating a relationship of landlord and tenant. On January 4, 1950, a new agreed order was entered which stayed the writ to May 31, 1950, and provided that defendant pay rent for "use and occupancy for the period writ of restitution is stayed, without prejudice," and that "all orders heretofore entered previous to this date declared null and void." Five days before the expiration of this second stay, defendant again filed a petition for writ of audita querela and again alleged that the moneys accepted pursuant to the agreed order constituted a new lease and further, that the order of January 4, 1950, nullified and declared void the judgment order of July 28, 1949, for possession, and no new judgment having been

entered, plaintiff was not entitled to the issuance of a writ. When the matter came on for hearing June 5, 1950, plaintiff asked the court to correct the order of January 4, 1950, to show the judgment. The court ordered the correction made, and denied the petition, from which order, this appeal was taken.

 The first question is, did the orders staying possession of the premises and providing for the payment of money for use and occupancy create a new landlord and tenant relationship, which could only be terminated by another action on the part of the landlord? Defendant relies on two cases, *Di Paola v. Seppala,* 336 Ill. App. 344, and *Jordan v. Mehl,* 324 Ill. App. 305. These cases have been considered carefully from time to time in the many rent controversies that have come before us. They are not applicable to the instant case. In the case of *Jordan v. Mehl, supra,* the action was instituted before a justice of the peace, and no agreement was made, providing for payment *for use and occupancy without creating a new lease or without prejudice,* as was made in this case. That case was also decided on the ground that a justice of the peace could not grant a continuance for over thirty days at any one time and therefore could not keep jurisdiction over the extended term of the stay of restitution. In the other case relied upon by defendant, *Di Paola v. Seppala, supra,* the court specifically stated that it was not called upon to pass on the question involved in the instant case. In the case of *Goroway v. Shelby,* 331 Ill. App. 181, this court held that a similar provision staying the writ was made for the benefit of defendant and that it was optional with defendant whether to accept the conditions or not. Defendant here agreed to the order at the time it was entered; both provisions for stays of the writ were for his benefit and he cannot now be heard to complain after having received the benefit of the stays. To hold otherwise

would be to reward bad faith and make it impossible for the trial court to continue the humane practice of allowing tenants a reasonable opportunity to procure new habitation and at the same time reimburse the landlord for use and occupation of the premises.

 The second point made by defendant is that there was no valid judgment to support the writ of restitution and that the court had no power to enter the order of June 5, 1950, correcting the record; that the record could not be corrected after thirty days unless there were preserved in the record some minute or memorial paper to warrant the correction. The practice in the municipal court upon pronouncement of judgment in cases of this character which are disposed of in great numbers is for the clerk to affix a stamp imprinting the terms of the fully extended judgment. That was the intention in this case, but he failed to do so. The staying of a writ of restitution presupposes a judgment for possession and if any memorial is needed to support correction of the order, it was furnished by the very terms of the order itself. The memorandum upon which a court may reform the records to make them speak the truth, whether such action be taken because of a misprision of the clerk or a malfeasance, is a *note or memorandum from the records or quasi-records of the court,* or on the judge's minutes, or some entry in some book required by law to be kept, or in the papers on file in the case. *McCord v. Briggs & Turivas,* 338 Ill. 158, 164. There could be no better memorandum than the order of January 4, 1950, which in itself shows the error.

If, however, we were to sustain defendant's position, then there would have been no judgment, the case would not have been disposed of, the thirty-day period would not apply, and the court would have complete control over its records and jurisdiction to enter judgment. The court properly corrected the records.

295

These are times when the building shortage produces desperate struggles to resist legal actions for possession. We can understand the circumstances that have brought this about, but courts cannot countenance persistent violations of agreements made in open court. The payment, made pursuant to the order of court, for use and occupancy during the period in which the writ of restitution was stayed, did not create a new tenancy.

*Judgment affirmed.*

FRIEND and SCANLAN, JJ., concur.