Mary Ellen Clark, Appellee, v. Joseph Augustine, Appellant.

Gen. No. 45,176.

Opinion filed January 16, 1951.
Released for publication February 16, 1951.

SMIETANKA, NOWAK & GARRIGAN, of Chicago, for appellant; JOSEPH G. SMIETANKA and CHARLES D. SNEWIND, both of Chicago, of counsel.

WM. D. LARKIN, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

On August 6, 1948, plaintiff filed a complaint against defendant consisting of two counts; count 1 charged defendant with having maliciously spoken and published false, scandalous and defamatory remarks intending to charge her with having feloniously stolen, taken and carried away from defendant's cash box the sum of $164.91, for which she sought damages in the sum of $15,000; and count 2 charged defendant with having beaten, bruised and assaulted plaintiff, for which she sought damages in the aggregate sum of $30,000. Neither of the counts asked for a special finding that malice was the gist of the action. Defendant was served with process by substituted service. He failed to appear, and on September 22, 1949, the case was placed on the trial calendar for hearing on November 7, 1949. On November 8, 1949, the cause was tried

by the court without a jury, and judgment entered against defendant in the sum of $15,000. The judgment order which was signed by the trial judge did not make a finding that malice was the gist of the action. On March 24, 1950, more than three months later, *without notice and without petition,* the court entered an order *nunc pro tunc* as of November 8, 1949, amending the original judgment by the addition of the following sentence: "It is further Ordered, Adjudged and Decreed that malice is the gist of this action." Based upon the *nunc pro tunc* order a body execution was issued against defendant and he was taken in custody. March 27, 1950, defendant filed a written motion (1) to vacate and expunge from the records the judgment order of March 24, and (2) to quash the *capias* issued thereunder. Thereupon plaintiff filed an answer to the motion admitting all the material facts therein contained. The matter was heard upon defendant's motion and plaintiff's answer thereto, but no evidence was introduced at the hearing. Upon this state of the record the court entered an order denying defendant's motion to vacate and expunge the order of March 24, from which defendant appeals.

In support of the order denying defendant's motion to vacate and expunge the *nunc pro tunc* order, plaintiff takes the position, and the court evidently adopted the theory, that since malice is the gist of an action for assault and battery as well as for slander, it was unnecessary to make a special finding in the original judgment order, and that the court retained jurisdiction, long after the term, to enter the *nunc pro tunc* order, for the purpose of clarifying the record.

 Chapter 77, sec. 5, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 107.155], provides in substance that no execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by the defendant, and it shall appear

298

from a special finding of the jury, or from a special finding of the court, if the case is tried by the court without a jury, that malice is the gist of the action. Under sec. 5 of the statute as amended the clerk of the court is not authorized to issue an execution against the body of a defendant unless the two requirements of the statute are complied with. The provision · of the statute is mandatory, and although a complaint states a cause of action having malice the gist of the action, the clerk is not authorized to issue the writ unless the judgment contains the special finding prescribed by the statute. It was so held in *Ingalls v. Raklios,* 373 Ill. 404, where a *capias ad satisfaciendum* issued out of the municipal court of Chicago against defendant, based upon a judgment in tort. The statement of claim alleged that plaintiff had delivered to defendant $2,500 to be used in the purchase of certain restaurant equipment which was to be sold at bankruptcy sale, the money to be used only in the event the defendant purchased all the property. The complaint alleged that he failed to purchase all the property, that plaintiff demanded the return of the money, but that defendant retained $2,000 which was alleged to have been "willfully, maliciously and unlawfully converted" to defendant's use. The pertinent parts of the judgment order were: "Court makes special finding of malice. . . . The court finds the defendant, John Raklios, guilty as charged in plaintiff's statement of claim and assesses the plaintiff's damages at the sum of $2,000 in tort." Then follows the judgment order with the direction for a general execution and "malice body execution to issue."

In discussing the question there, and here, presented, the court pointed out that prior to the amendment of sec. 5, the issuance of a writ was not dependent upon a finding or a reference to malice in the judgment, but if the action was in tort, the clerk, upon application,

299

issued the writ (*People v. Walker,* 286 Ill. 541; *Kellar, Ettinger & Fink v. Norton,* 228 Ill. 356); that when the debtor made application to be released under the Insolvent Debtors Act, an issue was raised as to whether malice was the gist of the action; and that in determining that question the court referred to the pleadings, and if the allegations showed malice was the gist of the action, the doctrine of *res judicata* applied, and the issuance of the writ sustained (*Jernberg v. Mix,* 199 Ill. 254). The court then pointed out that under sec. 5, as amended, the clerk of the court is not now authorized to issue an execution against the body of the defendant unless the judgment shows that it was entered upon an action for a tort committed by the defendant and contains a special finding of the jury or the court that malice was the gist of the action. In determining the question the court held that the provisions of sec. 5, as amended, are mandatory, and if such findings do not appear on the face of the judgment, the clerk is without authority to issue the writ. "The duty imposed by statute upon the clerk to issue the writ is a ministerial act," said the court, "and he is not permitted to refer to the pleadings to determine whether malice was the gist of the action for the determination of such question is a judicial act. A complaint which states a cause of action having malice as the gist, does not authorize the clerk to issue the writ, unless the judgment contains the essential elements prescribed by statute." Continuing, the court said that "a defendant could be actuated by malice in committing a tort against the plaintiff and yet malice not be the gist of the action. The statement in the judgment that the court makes a special finding of malice is not the equivalent of a finding that malice was the gist of the action upon which judgment was entered. The statement in the judgment that the court found the defendant guilty as charged in plaintiff's claim does not permit a reference

to the complaint to determine whether the allegations of fact alleged therein made malice the gist of the action. As pointed out, if such reference was permitted it would authorize the clerk issuing the writ to construe the pleadings in determining the legal effect to be given and thus exercise a judicial act. The judgment in this case does not meet the requirements of the statute and the writ of *capias ad satisfaciendum* was wrongfully issued." We think the *Ingalls* case enunciates the rule in this state and is controlling. It was cited with approval and later followed in *Peiffer v. French,* 376 Ill. 376, wherein the court made the pertinent observation that "laws in derogation of the liberty of a citizen must be strictly construed, and to justify any imprisonment for tort, which is contrary to the general tendency of our times, statutory requirements must be meticulously observed."

The original judgment order did not contain a finding that malice was the gist of the action, and plaintiff and her counsel, evidently realizing that because of such omission the court lacked authority to issue the writ, attempted to supply the omission by having the *nunc pro tunc* order entered. Plaintiff characterizes this latter order as merely clarifying the form used, supplying an omission in the record of the order and correcting faulty language therein.

 We recently had occasion to consider a similar question in *City of Chicago v. Evon,* 339 Ill. App. 580, wherein we held that a court cannot, under guise of correcting its record by a *nunc pro tunc* order, put upon record an order or judgment which never in fact had been made or entered. The case at bar was not one of mistake or misprision of the clerk such as we have before us in the case of *Parradee v. Blinski,* 342 Ill. App. 292, *supra,* also being decided this day. The *nunc pro tunc* order was signed by the judge. It was not entered because of an omission, a clerical mis-

take or faulty language in the original order; the *nunc pro tunc* order affected the substantive rights of defendant and subjected him to a body execution. It is elementary that a trial court loses all power to change or alter its judgment after 30 days except as to form, and then only pursuant to some note, memorandum or memorial remaining in the files or upon the record of the court. *City of Chicago v. Evon, supra,* and cases cited therein.

For the reasons indicated the order of the superior court denying the motion of the defendant to vacate and expunge from the record the judgment of March 24, 1950, and to quash the *capias* issued pursuant thereto is reversed, and the cause is remanded with directions to quash the writ and to expunge the *nunc pro tunc* order.

*Order reversed and cause remanded with directions.*

SCHWARTZ, P. J., and SCANLAN, J., concur.